### In re PRUDENCE–BONDS CORPORATION.
#### No. 376.

Circuit Court of Appeals, Second Circuit.
July 26, 1939.

Larkin, Rathbone & Perry, of New York City (Henry E. Kelley, Theodore Pearson and W. Frederick Knecht, all of New York City, of counsel), for Central Hanover Bank & Trust Co.

Samuel Silbiger, of Brooklyn, N. Y., for appellant George E. Eddy.

Charles M. McCarty, of New York City, for appellant Prudence-Bonds Corporation (New Corporation).

Percival E. Jackson, of New York City (Percival E. Jackson and Milton Loewe, both of New York City, of counsel), for Prudence Securities Advisory Group.

George M. Jaffin and Leonard Klaber, both of New York City (Leonard Klaber and George M. Jaffin, both of New York City, and Harry Schneider, of Brooklyn, N. Y., of counsel), for Independent Prudence Bondholders' Protective Committee.

Milbank, Tweed & Hope, of New York City (Hugh L. M. Cole and W. Crosby Roper, Jr., both of New York City, of counsel), for Chase Nat. Bank of City of New York.

Maclay, Lyeth & Williams, of New York City, for President and Directors of Manhattan Co.

Sullivan & Cromwell, of New York City (J. M. Richardson Lyeth, Robert E. Houston, Jr., John P. Allec, and Arthur A. Burck, all of New York City, of counsel), for Marine Midland Trust Co. of New York.

Before SWAN, AUGUSTUS N. HAND, and PATTERSON, Circuit Judges.

PER CURIAM.

We are of opinion that the district court should have passed on the petitions for allowances to the corporate trustees and their attorneys at the same time that it passed on the other petitions for allowances. The objection that the corporate trustees had not yet accounted was not formidable; it could have been met by simply directing that payment of allowances to corporate trustees be withheld until conclusion of the accountings. As the situation stands, the aggregate of administration costs, always an important factor in determining the reasonableness of allowances, is wholly uncertain. On the appeal of Bank of Manhattan Company and others in the same position, the order of the district court deferring consideration of applications for allowances by the corporate trustees and their attorneys is reversed, and the matter remanded to the district court with direction to consider the applications and determine the allowances to be given. Decision of the other appeals will be held in abeyance pending disposition by the district court on the applications for allowances by the corporate trustees and their attorneys, which disposition may be brought to our attention by a supplemental record.