## In re KEYSTONE REALTY HOLDING CO.
### No. 7557.

Circuit Court of Appeals, Third Circuit.
Feb. 24, 1941.

**1004**

Thomas Stokes, of Philadelphia, Pa., for appellants.

Francis E. Drohan, of Washington, D. C., for Securities and Exchange Commission.

Walter M. Newman, of Pittsburgh, Pa., and Charles A. Fagan, Jr., of Pittsburgh, Pa., for other appellees.

Before MARIS, CLARK, and JONES, Circuit Judges.

MARIS, Circuit Judge.

On January 10, 1938, a bondholder of Keystone Realty Holding Company, hereinafter referred to as the Debtor, represented by Walter M. Newman, Esq., filed a petition in the Court of Common Pleas of Allegheny County, Pennsylvania, under the Pennsylvania Insolvency Act of June 4, 1901, P.L. 404, 39 P.S. c. 1, § 1 et seq., seeking the appointment of a receiver for the Debtor with the view to its liquidation under the act. The Debtor, represented by Donald C. Anderson, Esq., contested the proceeding upon jurisdictional grounds. The Court of Common Pleas overruled the objections and its decree was affirmed by the Supreme Court of Pennsylvania on appeal. The disposition of these preliminary

questions extended over a period of 13 months. Before the Court of Common Pleas could hear the merits of the insolvency petition or appoint a receiver the Debtor on February 11, 1939 filed in the District Court for the Western District of Pennsylvania a voluntary petition for reorganization under Chapter X of the Bankruptcy Act, 11 U.S.C.A. § 501 et seq.

The Debtor's financial condition is precarious. Not only do its liabilities exceed its assets by more than $1,000,000, but arrearages in taxes amount to more than $500,000. The current operation of the Debtor's property by its trustee produces barely enough income to meet current taxes. Unless a favorable compromise of the delinquent taxes can be arranged and a reduction of current taxes secured it will probably not be possible to reorganize the Debtor. Consequently the District Court has not yet fixed a time for the trustee to file a plan or report his reasons why a plan cannot be effected. On February 28, 1940 a petition was filed by a bondholder in the reorganization proceeding requesting liquidation of the Debtor. That petition has not yet been brought on for hearing.

On April 22, 1940, Newman and Anderson petitioned the District Court for allowances of compensation out of the Debtor's estate for their services in prosecuting and opposing, respectively, the prior insolvency petition in the state court. After a hearing, at which the petitions were opposed as premature, the District Court entered orders allowing Newman $5,000 and Anderson $3,000 as compensation for their services. From these orders a committee of the Debtor's bondholders has appealed, and their appeal has been allowed by this court pursuant to Section 250 of the Bankruptcy Act 11 U.S.C.A. § 650.

We are confronted at the outset with motions by Newman and Anderson to dismiss the appeal. Their motions are based upon the ground that the appellants as creditors have no right to take an appeal from an order allowing compensation under Chapter X of the Bankruptcy Act, 11 U.S.C.A. c. 10, § 501 et seq., except with leave of the district court and when it appears that the trustee after demand has refused to appeal. The motions must be denied. It is true that such a rule applies to creditors seeking to appeal from the refusal to disallow another creditor's claim in ordinary bankruptcy proceedings. Fred Reuping Leather Co. v. Fort Greene

Nat. Bank, 3 Cir., 102 F.2d 372. It is likewise true that the same rule has been applied in a reorganization proceeding under former Section 77B of the Bankruptcy Act, 11 U.S.C.A. § 207, to a creditor seeking to appeal from the allowance of the claim of another creditor (Jonas v. Bellerive Inv. Co., 8 Cir., 90 F. 2d 688) and to a creditor desiring to appeal from the allowance of compensation for services rendered in the reorganization proceeding. Christian v. R. Hoe & Co., 2 Cir., 79 F.2d 541. Section 77B, sub. c, however, provided that unless specially permitted to intervene creditors had the right to be heard only on the question of the permanent appointment of trustees and on the proposed confirmation of a reorganization plan. In the light of this provision it was held in the Second Circuit that a creditor which had been permitted to intervene in the reorganization proceeding had standing to appeal from an order granting compensation allowances. In re New York Investors, 2 Cir., 79 F.2d 179.

■ In substituting Chapter X for Section 77B Congress clearly intended to broaden the rights of creditors to participate in corporate reorganization proceedings. Whereas subsection c of Section 77B had, as we have seen, restricted their participation as of right to but two phases of the proceeding, section 206 of Chapter X, 11 U.S.C.A. § 606, conferred upon them "the right to be heard on all matters arising in a proceeding under this chapter." The intent thus disclosed by the statutory provisions is confirmed by the legislative history of the Chandler Act, which substituted Chapter X for Section 77B. In its report upon Representative Chandler's bill which became the Act of June 22, 1938, c. 575, 52 Stat. 840, the Senate Committee on the Judiciary said "Section 206 gives any creditor or stockholder, any indenture trustee, and the debtor, the right to be heard on all matters in the proceedings. Former restrictions on such right to be heard are eliminated as being undesirable." Senate Report No. 1916, 75th Cong. 3d Sess.

We think that the right to be heard which Congress by Section 206 conferred upon creditors included the right of creditors adversely affected to appeal. This right to appeal is, of course, subject to the ordinary rules of appellate procedure, including in the case of appeals from compensation orders compliance with Section 250, 11 U.S.C.A. § 650, which requires that such appeals be first allowed by the circuit court of appeals. Dickinson Industrial Site v. Cowan, 309 U.S. 382, 60 S.Ct. 595, 84 L.Ed. 819. When Congress by Section 208 of Chapter X, 11 U.S.C.A. § 608, provided that the Securities and Exchange Commission upon filing a notice of appearance with the approval of the district judge "shall be deemed to be a party in interest, with the right to be heard on all matters arising in such proceeding" it saw fit also to stipulate in the same section that "the Commission may not appeal or file any petition for appeal in any such proceeding." The absence of a similar restriction in Section 206, which was drafted at the same time, is a clear indication that Congress intended that the right to be heard conferred by that section should include the right to appeal. See Gerdes, Corporate Reorganizations: Changes Effected by Chapter X of the Bankruptcy Act, 52 Harvard L. Rev. 1, 25.

■ Upon the merits it is first urged by the appellants that the district court was without power to grant allowances for services rendered in the prior state proceeding. The appellees argue that the power is conferred by Section 258, 11 U. S.C.A. § 658, which provides that: "The judge shall make such provision as may be equitable for the protection of the obligations incurred by a receiver or trustee in such prior preceeding and for the payment of the reasonable costs and expenses incurred therein as may be allowed by the judge." Among the prior proceedings referred to is a proceeding in a state court in which an application has been made for the appointment of a receiver of the property of the debtor. Bankruptcy Act, Section 256, 11 U.S.C.A. § 656. The question is whether the "costs and expenses" incurred in such a proceeding for which Section 258 authorizes provision to be made include compensation for services rendered by counsel therein. We think that they do.

Section 258 took the place of that portion of the former Section 77B, sub. i, which authorized the judge to "make such orders as he may deem equitable for the protection of obligations incurred by the receiver or prior trustee and for the payment of such reasonable administrative expenses and allowances in the prior proceeding as may be fixed by the court appointing said receiver or prior trustee."

There is no indication in the legislative history of the Chandler Act that Congress intended by Section 258 to withdraw from the district court the power which Section 77B, sub. i, had conferred upon it to allow compensation for services rendered in prior proceedings. So far as appears the only change intended by the section was to transfer the power to fix the amount of such allowances from the court in which the prior proceeding was pending to the district court.

The district court sitting in bankruptcy is a court of equity, Bankruptcy Act, Sections 2, 115, 11 U.S.C.A. §§ 11, 515, and is guided by equitable doctrines and principles except insofar as they are inconsistent with the act. Securities & Exchange Comm. v. United States Realty & Improvement Co., 310 U.S. 434, 60 S.Ct. 1044, 84 L.Ed. 1293. Section 258 itself stipulates that the provision for payment of reasonable costs and expenses which it authorizes shall be "equitable." The equitable doctrine upon which the act proceeds is that the reasonable costs and expenses of recovering or preserving a fund are chargeable upon the fund. Trustees v. Greenough, 105 U.S. 527, 26 L.Ed. 1157; United States v. Equitable Trust Co., 283 U.S. 738, 51 S.Ct. 639, 75 L.Ed. 1379. Under such circumstances a court of equity may award "costs as between solicitor and client," which include counsel fees and such expenses of the litigation as are not ordinarily taxable as costs between party and party. Sprague v. Ticonic Nat. Bank, 307 U.S. 161, 165, 59 S.Ct. 777, 83 L.Ed. 1184. We think that the phrase "costs and expenses" in Section 258 was intended broadly to include all such costs.

The appellants next contend that even though the district court had discretionary power to make the allowances complained of, the court erred in directing their payment at the present stage of the reorganization proceeding. We think that this contention must be sustained. It is undoubtedly true that the district court in a proceeding under Chapter X may make interim allowances of compensation to its trustee and his counsel in order that the administration of the debtor's estate may be carried on. Sound practice dictates that ordinarily all final allowances, including those to the trustee and his counsel, should await the consummation of the proceeding. This is for the reason that in most cases it cannot be known until then whether the reorganization of the debtor will succeed nor can it be known how large a sum will be available for allowances. Both are factors which should be considered in fixing the amount of the allowances. Newman v. Ambassador Apartments, 3 Cir., 101 F.2d 307; In re Prudence-Bonds Corp., 2 Cir., 106 F.2d 44. In the present case the financial situation of the Debtor is most precarious, the possibility of its reorganization is far from bright, its ultimate liquidation in bankruptcy may well be necessary, and the funds which will then be available for costs and expenses cannot now be known. Under these circumstances it is quite possible that the payment of compensation to the appellees at this time may be highly prejudicial to the just claims of others not now presented but entitled under the act to equal attention. A striking illustration of such a situation is disclosed in our recent case of In re Columbia Ribbon Co., 3 Cir., 117 F.2d 999. It must be remembered that Section 258, under which the allowances appealed from were made, directs that the provision for their payment must be equitable. To give these appellees what may well amount to a preference over the claims of the court's own officers can hardly meet this statutory requirement. No countervailing equity justifying the present payment of the appellee's compensation is disclosed by the record. We, therefore, conclude that it was error for the district court to direct payment of the allowances appealed from at this stage of the proceeding.

Our conclusion that the court's action was premature makes it unnecessary for us to consider the appellants' argument that the appellees should not receive any compensation from the Debtor's estate because their services did not benefit it, and that in any event the amounts allowed were excessive.

The orders of the District Court are reversed.