**In the Matter of H. Ernest STRUBBE, Bankrupt,**
**Eleanor Strubbe, Appellant.**
**No. 15177.**

United States Court of Appeals
Third Circuit.

Argued May 21, 1965.

Decided June 15, 1965.

A. Robert Rothbard, Newark, N. J., for appellant.

Jack L. Cohen, Newark, N. J., for appellee, Paul R. Kleinberg, Trustee in Bankruptcy.

Before BIGGS, Chief Judge, and STALEY and GANEY, Circuit Judges.

PER CURIAM.

The claimant-appellant, Mrs. Eleanor Strubbe, seeks, pursuant to Section 64 (a) (1) of the Bankruptcy Act, 11 U.S. C.A. § 104(a) (1), to assert a claim for expenses, including attorneys' fees, expended by her in determining the true value of certain real estate in New York involved in the bankruptcy estate, and a claim for rents from certain property in New Jersey in which she had an interest with her husband.

The record before us is so inadequate that we are unable to ascertain whether the decision of the court below is or is not in accordance with law. By way of example, we note that the defense relied on by the trustee in bankruptcy to the claim of Mrs. Strubbe for rent is res judicata purportedly based upon an adjudication of the Superior Court of New Jersey in the case of Lesser v. Strubbe, 56 N.J.Super. 274, 152 A.2d 409 (1959), but the record before us does not contain a copy of the judgment or any of the pleadings or any portion of the record in that case. We cannot tell whether the defenses asserted by the trustee in bankruptcy are or are not valid. Cf. Basista v. Weir, 340 F.2d 74 (3 Cir. 1965).

As a further example we point out that though Mrs. Strubbe asserts that an agreement was reached in the course of the litigation in Lesser v. Strubbe, supra, between the parties of record in that case, one of whom was the trustee in bankruptcy herein, and she seeks to maintain her claim for reimbursement of her expenses on this agreement,[1] the agreement itself is not in the record before us. We therefore presently cannot determine what was the trustee in bankruptcy's position respecting Mrs. Strubbe's maintenance of the New York suit.

We also point out that the briefs of the parties are replete with assertions of facts, but statements in briefs of counsel are not part of the record and cannot serve as bases for adjudication. See note 11 cited to the text in United States v. Bowles, 331 F.2d 742, 746 (3 Cir. 1964).

There were proceedings before the Referee which, it is suggested, might clear up many of the problems which are presented to us by this appeal but there is no transcription of these proceedings in the record before us.

---

1. See Lesser v. Strubbe, 152 A.2d 409, 412–413. Judge Scherer stated: "It was agreed by all parties that since proceedings are still pending in the State of New York seeking to have the fair value of the property credited against the plaintiff's mortgage in that state, which credit will directly affect the amount, if any, due on the two New Jersey mortgages, the issues of the accounting for rent collected in New Jersey and the payment of the subsequent lienors in the foreclosure action should be severed and reserved for future determination."

A court of bankruptcy is a court of equity as we said in In re Keystone Realty Holding Co., 117 F.2d 1003, 1006, 133 A.L.R. 1378 (1941), and claims must be adjudicated on a full record to the end that justice may be done. In view of the deficiencies in the record we are constrained to vacate the judgment and to remand the case so that the record may be amplified and further evidence be taken if that be required. The court below may, in the exercise of its discretion, permit Mrs. Strubbe to amend her claim to an extent and on such terms as are just and equitable. An order will be entered in accordance with this opinion.