MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY and College Inn, Inc. Appellants,

v.

J. H. BROCK, as Trustee of the Wingreen Company, et al., Appellees.

No. 25303.

United States Court of Appeals Fifth Circuit.

Dec. 5, 1968.

Rehearing Denied Jan. 6, 1969.

Carl K. Hoffmann, Dixon, DeJarnette, Bradford, Williams McKay & Kimbrell, Miami, Fla., for appellants.

Irving M. Wolff, Miami, Fla., for appellees.

Before THORNBERRY and SIMPSON, Circuit Judges and SUTTLE, District Judge.

SIMPSON, Circuit Judge:

■ This appeal involves an objection by a creditor to the amount of the allowances by the District Court of interim fees to the trustee and his attorney in a corporate reorganization under Chapter X of the Bankruptcy Act, 11 U.S.C.A. § 501 et seq. This appeal was allowed by this court under the authority of § 250 of the Bankruptcy Act, 11 U.S.C.A. § 650.[1] There is no merit in the contention of appellee that the order in question was not appealable.

■ There is no merit in the contention of appellee that Massachusetts Mutual, a secured creditor, has not been adversely affected by the order in question and thus has no right to appeal. We hold that § 206 [2] of the Act, 11 U.S.C.A. § 606, accords the right to maintain this appeal. Cf. In re Keystone Realty Holding Co., 3 Cir., 1941, 117 F.2d 1003, 133 A.L.R. 1378. See also 6A Collier on Bankruptcy (14 Ed.), ¶ 9.23(2). Massachusetts Mutual is the holder of a first mortgage on one of the properties of the Wingreen Company and its interest lies in the fact that the fees in question may result in the assessment of administrative costs against that property.

■ The trustee also urges that this court is without jurisdiction for the reason that Massachusetts Mutual failed to obtain leave to appeal prior to the expiration of the time allowed within which to seek permission from the circuit court to appeal. This is answered adversely to the trustee by the case of Reconstruction Finance Corporation v. Prudence Securities Advisory Group, 1941, 311 U.S. 579, 582, 61 S.Ct. 331, 333, 85 L.Ed. 364, 367. The court there held that the appeal must be taken to the court of appeals within the time prescribed in 11 U.S.C.A. § 48(a), but that it was not the fair intendment of § 250, supra, that the appeal must be allowed within that time.

There is thus no impediment whatever to our reaching the merits of this controversy: Whether the District Court abused its discretion in awarding the interim fees in question to the trustee and his counsel. We are constrained to the view that the awards were excessive under the facts and, as such, constituted an abuse of discretion.

The facts are of great importance in answering a question such as is posed here. There are three debtor corporations, The Wingreen Company, The Dania Corporation, and The Lake Worth Company, all controlled by the same individuals, and being interrelated as to indebtedness. Their petitions, filed on January 25, 1966, seeking to have their

---

1. § 250 of the Bankruptcy Act, applicable in corporate reorganization proceedings under Chapter X, provides:

   "Appeals may be taken in matters of law or fact from orders making or refusing to make allowance of compensation or reimbursement, and may, in the manner and within the time provided for appeals by this title, be taken to and allowed by the circuit court of appeals independently of other appeals in the proceeding, and shall be summarily heard from the original papers."

2. § 206 in pertinent part:
   "The debtor, the indenture trustees, and any creditor or stockholder of the debtor shall have the right to be heard on all matters arising in a proceeding under this chapter. * * *"

affairs reorganized under the Chapter X provisions, were consolidated.

The thrust of the reorganization proceedings is one of virtual liquidation. The Dania Corporation and The Lake Worth Company were holding companies, controlling shares of the capital stock of banks. These corporations have been liquidated and washed out for all practical purposes by the sale of the stocks to liquidate indebtedness, and to dispose of pending litigation. The Wingreen Company is in operation but on a much reduced basis. It is a real estate holding company and its business consisted of acquiring real estate and developing the same by improving the parcels with apartment houses, office buildings and motels. The reorganization proceedings involved in excess of 900 creditors, with some 50 claiming secured status.

Mr. Brock was appointed receiver of the debtors on February 8, 1966 and Mr. Wolff was appointed attorney for the receiver. On May 23, 1966, the court approved the petitions for reorganization and appointed Mr. Brock as trustee and Mr. Wolff as attorney for the trustee. Mr. Brock is a retired vice president of Eastern Airlines while his counsel is an able lawyer having broad experience in the bankruptcy field.

This appeal involves the interim award of fees to the trustee and his counsel for the period September 1, 1966–December 31, 1966. Detailed statements of services rendered were filed with the court by the trustee and his counsel. These reflected that the trustee had spent a total of 396.5 hours on the affairs of the debtors during the period. He was awarded his requested fee, $20,000 or approximately $50.00 per hour. His counsel was awarded his requested fee of $25,000 for 222.5 hours or approximately $113.00 per hour.

■ There have been two previous interim fee awards from which no appeal was taken. They are pertinent to the question presented on this appeal. The entire picture must be assessed to the extent possible. Moreover, the District Court has consistently taken the position in these proceedings that all interim fee awards were to be considered in making the final award of fees and we think that this is the proper approach. One of these previous awards was for services rendered by Mr. Brock as receiver and for his counsel as attorney for the receiver. These fees covered the period February 8, 1966–May 26, 1966. The receiver sought a fee of $15,000 for himself and $25,000 for his counsel. The receiver was awarded $12,500 for services entailing 352.5 hours or approximately $35.00 per hour. Counsel was awarded $20,000 for services of 320 hours or approximately $62.50 per hour. The other award was for the period May 24, 1966–August 31, 1966 when each was awarded his requested fee. The trustee was awarded $13,500 for services of 356.5 hours or approximately $37.00 per hour while counsel was awarded $12,500 for 174 hours or approximately $72.00 per hour.

Our relation of the awards to an hourly basis is not to imply that the District Court purported to use the time involved as anything more than one factor to be considered in arriving at the amount of the fees to be awarded. The court considered as other factors the complexity of the problems involved and the results obtained by the trustee and his counsel.

■ The District Court has a broad discretion in the award of fees. Calhoun v. Hertwig, 5 Cir., 1966, 363 F.2d 257; Campbell v. Green, 5 Cir., 1940, 112 F.2d 143. This discretion is not to be interfered with short of a showing that it has been abused. Such an abuse may stem from a factual basis or from the application of an improper legal standard. Our conclusion that the fees here in question are excessive results from a difference in view as to the applicable legal standard.

■ Our difference with the District Court is that we apply an additional factor: The public interest which is inherent in bankruptcy matters must be

considered in awarding fees. The object is to draw a balance to the end that competent trustees and counsel are obtainable in matters of this kind because of the knowledge that they will be fairly compensated. They must not and cannot expect, however, to be overcompensated, for the court must exercise its discretion for the double purpose of fairly treating the trustee and his counsel while at the same time doing equity to the debtor and creditors. Calhoun v. Hertwig, supra, 363 F.2d p. 261. The result likely to accrue to the debtor estate from the standpoint of overall value must also be given prime consideration in drawing the balance. A good statement of the problem is contained in Finn v. Childs Co., 2 Cir., 1950, 181 F.2d 431, a reorganization proceeding where the appeal was from final allowances for trustee and counsel fees. The court contrasted ordinary litigation with a reorganization proceeding and said:

"We have examined the applications for allowances of each of the parties involved here, with their detailed record of amount of time spent and the kind of work performed. We are not disposed to question the reasonableness of such fees by metropolitan practitioners for services of this kind when performed in the course of ordinary litigation. But in a reorganization proceeding, where the lawyers look for compensation to the debtor's estate which may belong, in equity, largely to others than those who have requested their services, they should have in mind the fact that the total aggregate of fees must bear some reasonable relation to the estate's value. Under these circumstances they cannot always expect to be compensated at the same rate as in litigation of the usual kind * * * "

The court then held that an award to the trustee whose overhead, as here, had been paid out of the estate, of $22.50 per hour, and to the law firm representing the trustee at the rate of $18.50 per hour was excessive. See also Official Creditors' Committee of Fox Markets, Inc. v. Ely, 9 Cir., 1964, 337 F.2d 461; and London v. Snyder, 8 Cir., 1947, 163 F.2d 621.

■ With respect to the overall result and the total of the fees sought, we are fortunate in having facts and circumstances not in the record of this case which we may consider in addition to the prior awards. We judicially know from our own court records that interim fees for subsequent periods are being challenged. It is permissible for us to take these subsequent proceedings into consideration. United States v. California Cooperative Canneries, 1929, 279 U.S. 553, 555, 49 S.Ct. 423, 424, 73 L.Ed. 838, 840; Aspen Mining & Smelting Co. v. Billings, 1893, 150 U.S. 31, 38, 14 S.Ct. 4, 37 L.Ed. 986. These subsequent awards and the appeals based thereon are pending in this court in two separate cases, No. 26,479 and No. 26,711, under the name and style of Massachusetts Mutual Life Insurance Company v. Brock, as Trustee, etc., 405 F.2d 435.

The record in No. 26,479 indicates that fees were awarded the trustee for the period January 1, 1967–June 30, 1967 in the amount of $27,500 at an hourly rate of approximately $45.00 for a total of 607 hours. Counsel was awarded $35,000 at the approximate rate of $89.50 per hour for 391 hours. In No. 26,711, the trustee was awarded $35,580 for 702 hours spent on the affairs of the debtors during the period June 30, 1967–June 30, 1968. For the same period his counsel was awarded $69,000 for 1,287 hours. No. 26,711 also involves an order wherein the District Court aggregated all of the interim fees awarded the trustee and his counsel (excluding the receivership) so that they averaged some $40.00 per hour for the trustee and $59.00 per hour for his counsel.

Taking all of these interim awards into consideration, including fees for

**434**

the receivership, it appears that the total compensation awarded for the period February 8, 1966–June 30, 1968 was as follows:

| | Hours | $ Received | Hourly Rate |
|---|---|---|---|
| Brock | 2,414.5 | 109,080. | $45.1 |
| Wolff | 2,394.5 | 161,500. | $67.4 |
| Total | | 270,580. | |

We also know from the record in the case before us and from the records in the subsequent appeals that the liquidation of the debtor corporations is almost complete. As noted, Dania and Lake Worth have been virtually liquidated. The Wingreen Co. formerly owned and/or operated four motels, an office building, a warehouse building, and four apartment buildings. It also owned vacant lands. Most of these properties were heavily encumbered. All have now been liquidated or lost through sale or foreclosure or abandonment except the Ramada Inn at Cocoa Beach, Florida. That property is subject to first, second, third, and fourth mortgages. The first mortgage is to secure a debt due appellant in excess of $1,000,000. The other three mortgages are to secure debts totaling $1,390,000, including interest, as of October 1, 1968. This property was appraised for appellant in 1966 as having a value of $1,500,000. The trustee has obtained an appraisal as of April 1, 1968 of $2,200,000.

According to a report filed by the trustee, the Ramada Inn was operated at a profit of only $50,900.88 during the first nine months of 1968. The same report shows that the trustee has unrestricted cash available of only $96,029.83 as of September 30, 1968.

The record discloses that the claims of unsecured creditors totaled $1,385,713.95 as of January 25, 1966. In discussing a proposed plan of reorganization, the trustee advised the court on December 30, 1966 that there were no stockholder equities to be dealt with and that " * * * there is little which the unsecured creditors may expect." We have found nothing in the records before us to indicate any change in this prognostication. The

trustee hopes to realize something from a tax loss carry forward, subject to a ruling by the Internal Revenue Service. There is some tag end litigation which may produce assets for the debtors but what is realized, if anything, will not greatly exceed the administrative expenses.

It is apparent that the trustee and his counsel have rendered and are rendering valuable and almost daily services in connection with these Chapter X proceedings. These services have involved complex legal and business matters and we in no way disparage them. The fact remains, however, that they have been more than amply compensated for their services under the circumstances of these Chapter X proceedings.

The trustee, as previously stated, has received compensation for the period February 8, 1966–June 30, 1968, a period of some 29 months, in the amount of $109,080 free of overhead. His compensation has been at the hourly rate of $45.00. We conclude that this is excessive. The trustee has been compensated for services taking little more than half his time at a rate of almost $50,000 per annum.

With respect to counsel, we hold that his fees are also excessive. He has been compensated at the rate of approximately $67.00 per hour during the same period. His total compensation has been $161,500 for little more than half time service or at a rate of more than $65,000 per annum. He is a sole practitioner and these services have been rendered entirely by him, and, of course, he has overhead expense.

There is opinion evidence before the court that the services of counsel

were reasonably worth $50.00 per hour. There is some evidence that one Miami practitioner charges $80.00 per hour for his services in some matters and his view was that counsel for the trustee has been underpaid. There is no evidence as to the reasonable value of the services rendered by the trustee save his own statements. The absence of evidence, however, in fee matters is not a deterrent to the court of appeals reaching a conclusion that the fees were excessive. Judge Sibley speaking for this court in Campbell v. Green, supra, a case involving an appeal from orders allowing fees in a corporate reorganization, said with respect to the amount of fees to be awarded:

"The court, either trial or appellate, is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of testimony of witnesses as to value  *  *  *."

We conclude that the order under consideration must be reversed and the matter remanded to the District Court for reconsideration of the amounts awarded to the trustee and his counsel as fees. We conclude also that the fees to be awarded the trustee shall not exceed $25.00 per hour for his services during the period covered by the order and that the fees to be awarded counsel for the trustee shall not exceed $50.00 per hour for the same period.

It is to be noted that the court is also this day reversing the orders complained of in No. 26,479 and No. 26,711, supra. The District Court will be in a better position to award fees upon considering the entire course of the proceedings than was the case in the several interim awards. In any event we do not believe fees above the stated amounts of $25.00 per hour and $50.00 per hour for the trustee and his counsel, respectively, can be justified for the services rendered under the circumstances of these Chapter X proceedings.

Reversed and remanded with directions.