In the Matter of TMT TRAILER FERRY, INC., Debtor.

The **PROTECTIVE COMMITTEE FOR INDEPENDENT STOCKHOLDERS OF TMT TRAILER FERRY, INC.,** et al., Appellants,

v.

Thomas J. **KIRKLAND,** Trustee of Bankruptcy, Appellee.

Nos. 29089, 29560.

United States Court of Appeals, Fifth Circuit.

Oct. 27, 1970.

Rehearing Denied and Rehearing En Banc Denied Dec. 21, 1970.

Irma S. Mason, Washington, D. C., Irwin L. Langbein, West Palm Beach, Fla., for appellants.

Philip A. Loomis, Jr., Gen. Counsel, David Ferber, Sol., Paul Gonson, Asst. Gen. Counsel, Robert E. Ginsberg, Atty., S. E. C., Washington, D. C., Irving M. Wolff, Miami, Fla., for appellee.

Stuart W. Patton, Patton & Kanner, Paul A. Louis, Sinclair, Louis & Huttoe, Jackson L. Peters, Knight, Underwood, Peters, Hoeveler & Pickle, Joseph Jennings, Dixon, Bradford, Williams, McKay & Kimbrell, Miami, Fla., M. James Spitzer, Spitzer & Feldman, I. Bernard Halpern, New York City, Bernard Wexler, S. E. C., Washington, D. C., Francis D. Wheeler, Herman Ulmer, Murchison, Ashby & Ball, Jacksonville, Fla., Hervey Yancey, Smathers & Thompson, Louis Phillips, Phillips & Phillips, William P. Simmons, Jr., Shutts & Bowen, W. G. Troxler, George H. Salley, Thomas J. Kirkland, Trustee TMT Trailer Ferry, Inc., John H. Gunn, Miami, Fla., for other interested parties.

Before THORNBERRY, COLEMAN and AINSWORTH, Circuit Judges.

PER CURIAM:

Our orders of December 12, 1969 and January 15, 1970 in Misc. No. 1546, now Docket No. 29089, granted the petition of the Protective Committee and its counsel, appellants, for leave to appeal under Section 250 of the Bankruptcy Act from the District Court's order entered October 9, 1969, insofar as it related to the fixing of compensation for the attorneys. However, the Protective Committee's petition was denied insofar as it pertained to the District Court's refusal to grant a protective order against the taking of depositions by the Trustee of the three members of the Protective Committee and its three attorneys, and to the denial of the Committee's motion to grant instructions defining the role of the Committee.

The Protective Committee on November 13, 1969 filed its notice of appeal from the District Court's order dated October 9, 1969 entitled "Order Denying Motion for Protection and Allowing Partial Interim Allowance to Counsel for Protective Committee for Independent Stockholders and Partial Reimbursement of Expenses." On March 2, 1970, the Trustee filed his motion to dismiss the appeal under Rule 9(b) of the local Rules of this Court in which he recited the details of our orders of December 12, 1969 and January 15, 1970, and further

averred that the Protective Committee and its counsel had undertaken no further action whatsoever in connection with the notice of appeal filed on November 13, 1969. Accordingly, the Trustee requested that upon the expiration of fifteen days and after due notice the appeal initiated by the Protective Committee's notice of appeal dated November 13, 1969 be dismissed for want of prosecution.

A response was filed by appellant Protective Committee which stated in part: "Two appeals from that order [i. e., the order of October 9, 1969] were initiated. Appeal One: A petition to this Court sought review under § 250 of the Bankruptcy Act, of so much of the order as dealt with compensation and reimbursement. Because the depositions were sought as part of a series of objections by appellee to the application for counsel's compensation and reimbursements, and out of an abundance of caution, the committee also sought leave to appeal from the denial of the motion for instructions and protective order. Appeal Two: At the same time, an appeal as of right by the committee was noticed from that part of the order which denied the motion for instructions and protection." The Protective Committee urged denial of appellee's motion to dismiss the appeal and moved the Court for time within twenty days to perfect the record of a second appeal.

On March 30, 1970, we ordered that appellants file and docket the second appeal within fifteen days thereafter, which was done, and Docket No. 29560 was assigned to it.

Thereafter, by our order dated May 8, 1970, we denied the motion of appellee Trustee for consolidation of the two appeals.

Oral argument on these two appeals and on numerous pending motions has been heard and we make the following disposition thereof:

1. Our denial of the motion to consolidate these two appeals and the motion to consolidate is reconsidered and is now granted.

■ 2. That portion of our orders of December 12, 1969 and January 15, 1970 wherein we denied the petition of the Protective Committee and its counsel for leave to appeal from the District Court's refusal to grant instructions defining the role of the Committee and from the denial of the motion for protection against the taking of the depositions of the three members of the Committee and its three counsel, is also reconsidered. In our view appellants were entitled of right to appeal this portion of the District Court's order without permission of the Court under Section 250 of the Bankruptcy Act. We do not agree that the filing of the petition for permission and subsequent denial thereof estopped appellants from pursuing their appeal as of right from that portion of the District Court's order. See Section 24(a) of the Bankruptcy Act, 11 U.S.C. § 47(a); 2 Collier on Bankruptcy 734 (14th ed. 1969 rev.); Freeman v. Seligson, 1968, 132 U.S.App.D.C. 56, 405 F.2d 1326, 1332; In re Commonwealth Financial Corporation, 3 Cir., 1969, 408 F.2d 640, certiorari denied sub nom. Thal v. Commonwealth Financial Corp., 395 U. S. 961, 90 S.Ct. 2104, 23 L.Ed.2d 748 (1969); Henry Ansbacher and Co. v. Klebanow, 2 Cir., 1966, 362 F.2d 569.

■■ 3. The District Court was in error and much too low in its award of an interim fee to counsel for the stockholders' Protective Committee of $10,-000 and expenses of $5,000, and the interim ward is grossly inadequate. Section 242, Chapter X of the Bankruptcy Act, 11 U.S.C. § 642. Though the District Court has a broad discretion in the award of fees, the appellate court is likewise an expert on the reasonableness of fees, and may exercise an independent judgment with reference thereto. Mass. Mutual Life Ins. Co. v. Brock, 5 Cir., 1968, 405 F.2d 429, 432, 435. We conclude that the circumstances here warrant the use of our own independent judgment in this free controversy. The

Securities and Exchange Commission having participated fully in these proceedings (now in their thirteenth year), from the very beginning of the filing of the Chapter X reorganization, is intimately familiar with the services rendered by the Committee's counsel over a long period of years, and strongly recommends approval of an interim amount of $60,000 counsel fees and $10,000 reimbursement of expenses as partial allowances for services and expenses, and further recommends that the interim award shall not be subject to vacation, setting aside, reduction or modification except upon proof of legal disqualification. Counsel for the Committee seek an interim award of $100,000 fees and $20,000 reimbursement of expenses. At oral argument, SEC counsel (who has represented the Commission throughout this bankruptcy) stated unequivocally that this Court could safely accept the Commission's recommendation as to an interim award, which amount the Protective Committee's counsel had as a minimum, earned to date.

A contradictory hearing was held in the District Court on the question of the interim award for fees and expenses and testimony of two of the three Committee lawyers as to the services rendered was received. The third attorney was present in the courtroom and tendered for cross-examination which was declined. Counsel testified that they had expended in excess of 8,000 hours of time in services for the Committee which they detailed for the Court. Committee counsel produced a detailed statement of services and expenses. They brought their books and records of time and disbursements to the hearing and testified to the accuracy of their statement. SEC counsel, the then Trustee's counsel, and attorneys for creditors cross-examined the Committee counsel. These services were, of course, highlighted by the effective presentation in the Supreme Court of the United States which resulted in rejection of a plan of reorganization which had been approved by the District Court and this Court. See Protective Committee, etc. v. Anderson, 390 U.S. 414, 88 S.Ct. 1157, 20 L.Ed.2d 1 (1968). Accordingly, in order to do substantial justice and to prevent undue hardship, we believe we should follow the SEC recommendation both as to amount and as to not being subject to vacation, etc., which we consider fair and reasonable, and it is so ordered.

4. The taking of depositions by the Trustee through its counsel of the three members of the Committee and its three counsel is unnecessary, especially in view of the award we have made herewith. A protective order should have been issued by the District Judge to prevent undue harassment. A full hearing had already been held on the issue of an interim award. The depositions would substantially duplicate what had already transpired in the contradictory proceeding before the District Judge himself. In the future the District Court should, in the firmest and most emphatic manner possible, state to the Trustee and its counsel the absolute need of cooperation and harmony with the Protective Committee and its counsel to insure a proper determination and final wind-up of this reorganization.

The District Court was in error in denying the Committee's motion for instructions defining the role of the Committee. The Trustee through its counsel has taken the position throughout this appeal that the Committee and its counsel are entitled to no compensation for their services. That services have been rendered in connection with opposition to a proposal or plan, however, is not grounds for denying compensation. 6A Collier on Bankruptcy ¶ 13.06, at 954. Neither is it proper to deny compensation for opposition to a proposal or plan on grounds that the Committee's position duplicates the position of the Trustee's or some other party's. 6A Collier on Bankruptcy ¶ 13.10, at 968. The Committee is entitled to participate fully in these proceedings, and if its services result in a benefit to the estate, compensation for those

services is authorized. 6A Collier on Bankruptcy ¶ 13.06, at 954.

The several contentions and motions of the parties have been duly considered. They are disposed of either directly or by implication by what we have decided here.

Costs of this appeal shall be borne by the bankrupt estate.

The judgment of the District Court is accordingly reversed and the case remanded for further proceedings in accordance with this order.

## ON PETITION FOR REHEARING AND PETITION FOR REHEARING EN BANC

PER CURIAM:

The Petition for Rehearing is denied and no member of this panel nor Judge in regular active service on the Court having requested that the Court be polled on rehearing en banc, (Rule 35 Federal Rules of Appellate Procedure; Local Fifth Circuit Rule 12) the Petition for Rehearing En Banc is denied.