Mrs. Lorena W. WEEKS, Plaintiff,

v.

SOUTHERN BELL TELEPHONE AND TELEGRAPH COMPANY, Defendant.

Civ. A. No. 443.

United States District Court, S. D. Georgia, Swainsboro Division.

July 1, 1971.

---

Sylvia Roberts, Baton Rouge, La., Marguerite Rawalt, Arlington, Va., for plaintiff.

David J. Heinsma, Hull, Towill & Norman, Augusta, Ga., for defendant.

## ORDER AWARDING COUNSEL FEES

BELL, Circuit Judge (Sitting by Designation).

This suit involved a claim for injunctive relief and damages based on alleged discrimination in employment against plaintiff by reason of her sex. 42 U.S.C.A. § 2000e–2(a). The order of this court denying the claim was reversed on appeal. Weeks v. Southern Bell Telephone and Telegraph Company, 5 Cir., 1969, 408 F.2d 228, with direction that appropriate relief be determined on remand. The matter was thereafter termi-nated by a settlement decree with the job in issue and damages including back pay being awarded to plaintiff.

The issues remaining for disposition arise out of prayers for counsel fees and expenses on the part of trial counsel and counsel thereafter handling the appeal and post-appeal matters.

The prayer of trial counsel will be first considered. Plaintiff sought the assistance of court-appointed counsel to represent her in the district court. William B. Clark of the Swainsboro Bar was duly appointed by the court pursuant to 42 U.S.C.A. § 2000e–5(e):

".   .   . Upon application by the complainant and in such circumstances as the court may deem just, the court may appoint an attorney for such complainant and may authorize the commencement of the action without the payment of fees, costs, or security. .   .   ."

Mr. Grant prepared and filed the complaint, appeared at Brunswick, Georgia and successfully resisted defendant's motion to dismiss or for summary judgment. He spent two days in the trial of the case in addition to time spent in preparation for the motion and trial. He seeks an award of $1,200 plus $25.00 in travel expense (250 miles at 10¢ per mile). This is a reasonable request in the event he is entitled to a fee at all in view of the fact that he asked to be and was relieved as counsel after the adverse judgment in the district court.

The statute, 42 U.S.C.A. § 2000e–5(k) provides:

"In any action or proceeding under this subchapter the court, in its discretion, may allow the prevailing party, other than the Commission or the United States, a reasonable attorney's fee as part of the costs, . . . ."

It is to be noted that the fee is awarded to the prevailing party and plaintiff had not prevailed at the time Mr. Clark was relieved as counsel. On the other

hand, it was his work product that made the appeal possible. The rulings which he obtained on the motions were the subject of a cross-appeal by defendant and were sustained on appeal.

Moreover, the policy underlying Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. § 2000e et seq., is to make counsel available for a complainant seeking relief under the Act "in such circumstances as the court may deem just." It would disparage this policy to deny a fee and expenses to counsel as here where plaintiff eventually prevailed simply because he withdrew after trial and after filing the notice of appeal. Such a denial would add to the difficulty of finding counsel to serve by appointment, knowing that counsel must bear the risk of loss of time and expenses. The policy of the Act will be served by making counsel whole even where he determined not to pursue the appeal of an adverse judgment, leaving further proceedings, as was the case, to counsel selected by plaintiff.

As to the amount of the fee sought by Mr. Clark, no expert testimony has been offered. However, as Judge Sibley, speaking for the Fifth Circuit, observed in Campbell v. Green, 5 Cir., 1940, 112 F.2d 143:

"The court . . . is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of testimony of witnesses as to value." 112 F.2d at 144.

The amount sought is deemed to be reasonable and thus a fee in the sum of $1,200 and expenses in the amount of $25.00 is awarded to Mr. Clark.

As to counsel who succeeded Mr. Clark, Mrs. Sylvia Roberts, the award of a fee to her together with expenses is well within the spirit of the Act. It was Mrs. Roberts who successfully appealed the case with the result of re-

versing the judgment of this court that the job of switchman was within the bona fide occupational qualification exception in the Act, 42 U.S.C.A. § 2000e–2 (e)(1). It is true that between the judgment of this court and the appeal, the State of Georgia rescinded its prohibition against women being employed in jobs where the lifting of weights of thirty or more pounds was required. Nonetheless, this prohibition was not the sole basis of the decision of this court. The further basis was that the work of a switchman was generally strenuous and unsuited for a woman and the Fifth Circuit concluded that this characterization was unsubstantiated by the evidence. The decision of the court was a complete reversal leaving, as stated, only the question of further relief.

At this point Mrs. Roberts alleges that she had spent 333¼ hours of her time on the case and had incurred expenses of $388.99. The time is broken into two parts: 262¼ hours in research and 71 hours in case management (conferences, court appearances, travel, and the like).

Subsequent to the Fifth Circuit reversal and in the quest for further relief, Mrs. Roberts alleges that she spent an additional 251¾ hours on the case. This involved 103 hours in research and 148¾ hours in case management. Additional expenses in the total sum of $1,157.35 were incurred.

The expert testimony was directed to a reasonable fee for the appeal. It ranged in amounts from a low of $2,500 to $5,000 (one Savannah lawyer), $6,000 (another Savannah lawyer), $40.00 per hour (an Atlanta lawyer), and $40.00 per hour (Louisiana lawyers). Meanwhile, Mrs. Roberts has submitted a decision of Judge Rubin in Clark v. American Marine Corporation, Civil Action 16315, E.D., La., dated April 24, 1970, wherein a fee of $20,000 was awarded to the prevailing party for counsel fees in a suit brought under Title VII on proof of a time expenditure of 580 hours. The award there was for the services of multiple counsel in a class action in the trial

court as distinguished from single counsel here in a non-class action but the number of hours involved is almost the same.

 An additional factor to be considered is that the settlement finally consummated was very favorable to plaintiff in that she recovered in full on all claims asserted. In a consent decree, she was awarded the position originally bid for as well as $31,497.68 in back pay and related claims.

The court has carefully considered the briefs filed in the Court of Appeals as well as the record, Mrs. Roberts' itemization of her various activities in connection with the case together with the tabulation of dates and time expenditures. The extent of the difficulty of the appeal and the subsequent efforts on remand have likewise been considered as has the expert testimony.

It must also be remembered that the fee under the Act is awarded only to the prevailing party; hence, the fee has some of the attributes of a contingent fee arrangement. The statute speaks in terms of a reasonable fee and all of the aforesaid factors are brought to bear on the question in determining reasonableness. No one factor, however, is controlling.

 The court is aware of its broad discretion in setting counsel fees, Massachusetts Mutual Life Insurance Company v. Brock, 5 Cir., 1968, 405 F.2d 429, 432, as well as the right to employ its own expertise on the subject, Campbell v. Green, supra. Taking all of these factors into consideration, the court is of the view that a fee of $15,000 is reasonable in the circumstances for the services of Mrs. Roberts. This sum will be awarded together with the expenses claimed which are not contested.

Counsel (Mr. Clark, Mrs. Roberts and counsel for the defendant) are directed to present a judgment accordingly with each as well as plaintiff noting that it has been approved as to form. Cf. Mill-

er v. Amusement Enterprises, 5 Cir., 1970, 426 F.2d 534, 539, on the requirement that the court insure that the fees allowed are restricted to reimbursement and compensation for legal services rendered.