**In re LAKE WINNEBAGO DEVELOP-
MENT COMPANY, INC., A
Missouri Corporation.**

**No. 41574-1.**

United States District Court,
W.D. Missouri, W.D.

Dec. 23, 1985.

8

See also, D.C., 55 B.R. 1005.

Paul E. Berman, Kansas City, Mo., for debtor.

Abraham E. Margolin, Kansas City, Mo., for trustee.

James F.B. Daniels, Husch, Eppenberger, Donohue, Cornfeld & Jenkins, Kansas City, Mo., for Missouri Highway and Transp. Com'n.

## MEMORANDUM AND ORDERS ON APPLICATIONS FOR FEES

JOHN W. OLIVER, Senior District Judge.

### I.

This case pends on (1) the application of Dale M. Thompson for Trustee's fee, (2) the application of Abraham E. Margolin, Esquire, for fees as the Trustee's attorney, (3) the application of Paul E. Berman, Esquire, for attorney's fees as attorney for the debtor, and (4) the application of Elvin S. Douglas, Jr., Esquire, for attorney's fees as a second attorney for the debtor.

This Court entered an Order on November 11, 1985 setting all four of the applications for a hearing to be held on December 13, 1985. That order provided that all persons notified should file objections to any of the applications at least seven days before the hearing.

Only two persons filed objections. The first was filed on December 4, 1985 by John Latshaw, a secured creditor. The second was filed by Dorothy Wetherill, Administratrix of the estate of Georgina Steinhilber as both a secured and unsecured creditor. Significantly, the Securities and Exchange Commission, although duly notified as required by law, did not file, nor has that agency registered any objection to any of the fee applications.

A full plenary evidentiary hearing was conducted on December 13, 1985 as scheduled. Evidence was adduced by the various applicants for fees. No evidence was adduced by either of the two objectors. Counsel for the applicants and the objectors presented oral argument at the hearing. The arguments of counsel for the objectors were somewhat out of the ordinary in that such counsel recognized that the files and records of this proceeding established that all of the applicants, par-

ticularly the Trustee and the Trustee's attorney, were entitled to a commendation for a job well done.

Counsel for Latshaw, for example, in commenting on the application of the Trustee and his attorney stated that "There is no question ... that all of these gentlemen have done a very fine job and have expended a good deal of time and effort, and we do believe that they should be fairly compensated." (Tr. 21). Counsel for Latshaw added that we "do not question the time, the effort or the results" and that "these people have devoted a good deal of time and have come up with a workable plan." (Tr. 22).[1]

Counsel for Wetherill, Administratrix, stated in regard to the Trustee's attorney that "I think he [Mr. Margolin's office] did a beautiful job." And counsel for that objector stated in regard to Mr. Berman, one of the attorneys for the debtor, that "I think we all recognize that he [Mr. Berman] is a very capable lawyer and an expert in this area, ... and he's entitled to everything he asks for." (Tr. 41).

Counsel for the two objectors, both in their written objections and in the arguments presented at the hearing suggested, of course, that each believed that there should be a reduction in the amount of fees requested in the applications before the Court. Counsel for Latshaw, however, in response to a question from the Court, stated that he did not have a specific recommendation in regard to the amount of reduction that he believed should be made in regard to any of the applications. (Tr. 22). And counsel for Wetherill, Administratrix, stated in response to this Court's question that he did not have any "very definite" suggestion in regard to how much the request for fees should be reduced. He did make "just a curbstone" suggestion that the applications should be reduced by some percentage figure. (Tr. 27). Counsel

for Wetherill, Administratrix, however, did not suggest how those percentages should be determined other than by this Court's discharge of its "discretionary obligation to distribute the funds equitably,...." (Tr. 27). Counsel did make clear that "I think everybody should draw in their horns" and this Court should "recognize the equities of the secured creditors." (Tr. 41).

Neither of the objectors made any attack on the factual recitations in any of the fee applications. Based on our careful review of the files and records in this long pending proceeding and our personal knowledge of the factual circumstances stated in the application of the Trustee, the application of the Trustee's attorney, and the application of Mr. Berman as one of the debtor's attorneys, I find that the factual recitations in each of those three applications are true and correct.

I cannot make such a finding in regard to the application of Mr. Douglas, the other attorney for the debtor, for the reason that his application is stated in conclusory language and simply incorporated by reference an exhibit to his application which was later introduced in evidence as Exhibit 4. That exhibit, however, is not sufficiently detailed for the Court to make the same finding in regard to Mr. Douglas' application as that made in regard to the other three applicants for fees.

Mr. Douglas, however, supplemented the factual basis for his application in his oral statement to the Court at the time of the hearing. *See* Tr. 42–46. That statement, when considered in light of this Court's personal knowledge of the proceeding, was in sufficient detail, when considered with the files and records of the case, to enable the Court to rule Mr. Douglas' application.[2]

## II.

In *Hensley v. Eckerhart,* 461 U.S. 424, 437, 103 S.Ct. 1933, 1941, 76 L.Ed.2d 40

---

1. Counsel for Latshaw later in the hearing expanded his commendation to include all the applicants for fees when he stated that "I once again would stress that we have no question as to the time and efforts devoted by the attorneys for the trustee, the attorneys for the debtors.

They all devoted considerable time. Their efforts have produced fruit." (Tr. 50).

2. In his oral statement at the time of the hearing, we find that Mr. Douglas accurately stated that he had represented the debtor prior to the filing of the petition for reorganization; that

(1983), the Supreme Court stated that a "request for attorney's fees should not result in a second major litigation." The Court was able to state that admonition because the guidelines and standards that control the award of attorney's fees are no longer in any substantial dispute. Counsel for Latshaw accurately stated on page 3 of his written objection that "[o]ther than requiring that compensation for services be reasonable and that expenses be proper, neither the Act nor the Rules provide any guidelines to the Court for determining whether and in what amounts such claims should be allowed." He properly added that the "case law, however, does provide such guidelines."

Counsel for Latshaw cited the early Eighth Circuit case of *Silver v. Scullin Steel Co.*, 98 F.2d 503 (8th Cir.1938), together with other cases from other circuits and district courts.[3]

*In re Continental Inv. Corp.*, 28 B.R. 972, 979 (D.Mass.1982), after discussing many of the familiar cases, stated the following:

> Among the factors to which courts look in determining compensation for services rendered by a Trustee and his counsel are the following:

1. The time that was required in dealing with the case;
2. The novelty and complexity of the issues presented;
3. The opposition encountered;
4. The skill demanded by the questions presented;
5. The customary charges for similar services;
6. The professional standing, ability and reputation of counsel;
7. The amount in controversy;
8. The results achieved.

*See In re Westec Corp.*, 313 F.Supp. 1296, 1303 (S.D.Tex.1970).[4]

*Hensley v. Eckerhart*, which we quoted at the outset, also stated that in exercising discretion in determining the amount of a fee award it is important "for the district court to provide a concise but clear explanation of its reasons for the fee award." We do so in the next part of this opinion.

### III.

#### A. *Application of Dale M. Thompson, Trustee*

All persons concerned with the effort to salvage the debtor corporation and to pre-

---

Mr. Berman was "consulted ... as an expert on what might be available for best proceedings for the company" and that after the petition for reorganization was filed, Mr. Douglas was "called upon by both Mr. Berman and by the trustee and his attorney subsequently to assimilate or provide information with reference to the status of company affairs...." (Tr. 43). Mr. Douglas accurately pointed out that the confused condition of the debtor was further complicated by the absence of the president of the debtor from the country and that he was called upon "to supply, to the extent possible, the information to the persons necessary that as to what had happened, what the status of matters were, and try to assimilate that information." (Tr. 44). Mr. Douglas further made clear that the bulk of the services rendered were "from August of 1970 through the end of 1972" and that "the services that we performed had to be performed by someone in this case." (Tr. 46).

3. Particular language was quoted out of context from *Finn v. Childs Co.*, 181 F.2d 431 (2d Cir. 1950), and other language was similarly quoted from *Arlan's Dept. Stores, Inc.*, 462 F.Supp. 1255

(S.D.N.Y.1978). A reading of both the cases establishes that those cases involved entirely different factual circumstances than those involved in this case. It is not necessary that we comment on *Massachusetts Mutual Life Ins. Co. v. Brock*, 405 F.2d 429 (5th Cir.1968) cited, by counsel for Latshaw. For the Congress expressly overruled that decision when it enacted Section 330 of the new Bankruptcy Code. See Congressman Edward's remarks in regard to that case, reprinted in [1978] U.S.Code Cong. & Ad.News 5787, 6442, and Senator DeConcini's remarks to the same effect. *Id.* 6511.

4. Judge Hannay in *"In re Westec Corp.,"* cited by Judge Mazzone in *Continental Inv. Corp*, from which we quoted above, cited both *Finn v. Childs Co.* and *Silver v. Scullin Steel Co.* to support the same standard quoted above. *See also In re Yuba Consolidated Industries, Inc.*, 260 F.Supp. 930, 937 (N.D.Cal.1966), for a further discussion of the applicable cases and for still another statement of the standard quoted in the text.

vent a total loss recognized the difficulties that would confront any effort to successfully formulate an approved plan of reorganization of the debtor. The debtor had no funds and no assets that were convertible to cash. The debtor was involved in litigation. The principal seller of the bonds became insolvent shortly after the petition was filed. Records of bond holders were incomplete and scattered. The other difficulties set forth in the Trustee's application and that of the Trustee's attorney accurately set forth the difficult problems that any Trustee would face.

This Court recognized the necessity of obtaining the services of a person of integrity and intelligence who would have sufficient available time to serve as Trustee. It was also necessary that the Trustee be a person of demonstrated talent and experience who would have wide and established contacts with persons and institutions that might be interested in helping to salvage an extremely difficult project.

This Court learned that Dale M. Thompson, the Trustee who accepted appointment, was about to retire from his position of leadership with City Bond and Mortgage Company that he long held. We were also familiar with the fact that Mr. Thompson had served as president of the Mortgage Bankers Association, a national organization of established reputation. We also knew that he had served in other important positions locally and would have the widest acquaintance of almost any person that could be selected.

The Trustee's discharge of duty in this proceeding and his demonstrated skill and his exercise of patience, perserverance, diplomacy, imagination and acumen was not over-emphasized at the hearing. The obstacles faced from the outset and throughout the reorganization proceeding were overcome by the Trustee and his attorney, together with the cooperation of the attorneys for the debtor. This Court is grateful for the long and difficult service rendered by the Trustee. We are satisfied that a better Trustee could not have been appoint-

ed. He is to be commended for a job well done.

The Trustee has valued his services at $30,000 per year. We find that to be a reasonable valuation for a full year's service. The Trustee, did not, however, maintain a log of hours spent each day of each year in the discharge of his responsibilities. It is apparent from a review of the Court's files and records and the documentation of counsel that the hours varied from year to year. If the Trustee's time had been distributed evenly in the period of 15 years over which his services were rendered, 6⅔% of the time would be allocated to each year. Assuming, then that $30,000 should be the maximum allowed for any year, and that the Trustee in each year spent the same amount of time, in proportion to the total as did his attorney, which we find to be a reasonable assumption, the Trustee's compensation for each year of the 15–year period (pro rated fractionally for the first and last years of less than 12 months) would be reckoned as follows:

| 1970 | (2 months) | 3% | $ 5,000 |
|------|------------|-----|---------|
| 1971 | | 12% | 30,000 |
| 1972 | | 9% | 30,000 |
| 1973 | | 9% | 30,000 |
| 1974 | | 10% | 30,000 |
| 1975 | | 11% | 30,000 |
| 1976 | | 6% | 27,000 |
| 1977 | | 4% | 18,000 |
| 1978 | | 4% | 18,000 |
| 1979 | | 2% | 9,000 |
| 1980 | | 4% | 18,000 |
| 1981 | | 3% | 13,500 |
| 1982 | | 2% | 9,000 |
| 1983 | | 5% | 22,500 |
| 1984 | | 9% | 30,000 |
| 1985 | (10 months) | 7% | 5,000 |

$354,500

We are satisfied that the Trustee will be awarded reasonable compensation for the necessary services rendered by him by the entry of an order allowing the Trustee a fee in the amount of $354,500.00. Such an order will be entered.

The Trustee also sought reimbursement of expenses in the amount of $167,913.55. Those expenses are detailed in Exhibit 3

adduced at the evidentiary hearing through the testimony of William J. Bolt, Chairman of the United Missouri Mortgage Company. We find and conclude that the Trustee's request for expenses should be reduced in the same ratio stated above. The reduction of the fees requested by the Trustee reflects that we have allowed 78.8% of the total fees claimed. Application of the same percentage to the amount of expenses claimed supports the allowance of the Trustee's expenses in the amount of $132,403.00.

### B. *Application of Fees for the Trustee's Attorney*

The application for fees made by Abraham E. Margolin, Esquire, as attorney for the Trustee presents the same happy situation to this Court as that presented some years ago to Chief Judge Timbers in *In re Polycast Corporation*, 289 F.Supp. 712 (D.Conn.1968). Judge Timbers stated that during his experience as General Counsel of the Securities and Exchange Commission and as a district judge he had "never seen a fairer, more reasonable or more modest application for counsel fees under Chapter X than the instant application of Wiggin & Dana as attorneys for the trustee." 289 F.Supp. at 719. The same thing may be said of the application for fees made by the Trustee's attorney in this case:

█ This Court has seen numerous applications for attorney's fees both before and since I have been on the bench. We agree with Chief Judge Timbers' suggestion in *Polycast Corporation* that when counsel who are largely responsible for the success of a reorganization "apply for an allowance so obviously fair and reasonable, it should not be whittled away."

█ The attorney appointed to represent the Trustee and his law firm have long enjoyed the highest reputation for excellence in the practice of law. Mr. Margolin was appointed to represent a Trustee in a complicated reorganization proceeding in which the possibility of receiving any interim awards of attorney's fees and expenses were out of the question. The services rendered by him and by the members of his law firm throughout this proceeding were of the same high quality as the services rendered to the many and varied clients of that outstanding law firm.

It is this Court's view that courts should award reasonable fees in a bankruptcy reorganization proceeding that fairly reward and encourage the type of excellent and effective professional advocacy reflected by the services rendered by the attorney for the Trustee in this case. Such awards should, at the same time, avoid the allowance of fees which may be reasonably considered either excessive or in the nature of a windfall.[5]

We quite agree with the statement of counsel for Wetherill, Administratrix, that Mr. Margolin and his office "did a beautiful job." (Tr. 41). The team of Mr. Thompson as Trustee and of Mr. Margolin as his attorney performed in a manner consistent with this Court's expectation at the time of their appointment. That performance warrants this Court's commendation of well done for the performance of an exceedingly difficult job.[6]

The time expended by the Trustee's attorney in dealing with the case is fully documented in Exhibits 1 and 2 admitted in evidence at the hearing. The novelty and complexity of the problems presented is fully stated in his application. More than substantial opposition was encountered by the Trustee and his attorney in overcoming the hostility of the former officers of the debtor and that of persons in the communi-

---

**5.** Appropriate recognition must also be given to the fact an attorney's application for fees should be supported by the type of detailed and comprehensive time records that were kept and presented to support the application for fees made by the attorney for the Trustee in this case.

**6.** That commendation includes Norman Arnell, Esquire, a partner in the Margolin and Kirwan firm, who performed much of the detailed services rendered in this long and complicated proceeding. The utilization of Mr. Arnell's services, of course, resulted in an application for fees that would have otherwise been in a substantially larger amount.

ty who were hostile to the former management.

Consummate skill was demanded in dealing with both the legal and practical problems presented. The professional standing, ability and reputation of the Trustee's attorney and his law firm has been stated and is conceded by all persons who participated in the hearing.

The Court is impressed by the reasonableness of the Trustee's attorney's application which requests fees be awarded at the rates charged for the years in which the services were rendered. Such a request is obviously modest when compared to the fees which are currently charged in this community.

We have noted that the cupboard of the debtor was bare when the Trustee and his counsel were appointed. The skill and tenacity of the Trustee and his attorney enabled them to evolve a plan of reorganization that was approved by this Court. No person filed any appeal from this Court's order of approval. Had a plan of reorganization not been evolved and approved, it is clear that the creditors of the debtor would not have received any substantial salvage under the circumstances.

Application of the guidelines and standards above stated to the factual circumstances of this case require that the $450,000.00 fee applied for by the Trustee's attorney should be allowed in accordance with the amount requested. An order will be so entered which will include approval of the requested reimbursement for actual and necessary costs which we find to be in the reasonable amount of $3,408.81.

C. *Application of Fee by Paul E. Berman as Attorney for the Debtor*

■ Mr. Paul E. Berman has applied for compensation at the rate of $100 per hour for a total of 299.5 hours devoted to the performance of his duties as attorney for the debtor. He discharged his duties to the debtor in the exemplary manner that the judges of this Court have long been accustomed to expect. Mr. Berman has appeared before this Court in many bankruptcy cases over the years. This Court agrees with the statement of Mr. Millman, counsel for one of the objectors, that "we all recognize that [Mr. Berman] is a very capable lawyer and an expert in this area." (Tr. 41).

We cannot agree, however, with Mr. Millman's suggestion that Mr. Berman is "entitled to everything he asks for." (Tr. 41). For we believe that appropriate recognition must be given to the fact that the hourly rates which attorneys generally charged and received for their services over the period this case has pended has not been constant. That fact was recognized in the application of the Trustee's attorney. We believe, however, that it must also be recognized that no interim allowances were made to Mr. Berman in these proceedings. The Court accordingly finds and concludes that a fair and reasonable rate of compensation for Mr. Berman should be calculated at the rate of $90.00 per hour. The Court accordingly will apply a uniform rate of $90.00 for the whole period. Mr. Berman on this basis will be entitled to a total of $26,955.00.

D. *Application of Elvin S. Douglas, Jr., as Attorney for the Debtor*

■ Mr. Douglas has applied for total fees in the amount of $36,360.00 and for expenses in the amount of $1,051.30 for his services as another attorney for the debtor. The objection filed on behalf of Mr. Latshaw raised the question of whether the form in which Mr. Douglas' application for fees and expenses is in compliance with the Bankruptcy Rule 10–215(a) in that it fails to make a detailed statement of the services rendered and the expenses incurred. We are satisfied that what we have stated in part I of this memorandum opinion is a sufficient answer to that objection. We believe, however, that under all the circumstances Mr. Douglas is entitled to an allowance of a fee of $12,500.00 as reasonable compensation for the services this Court knows he rendered. We also find that Mr. Douglas is entitled to reimbursement of his expenses in the amount claimed of $1,051.30. An order will be so entered.

IV.

For the reasons stated, it is

ORDERED (1) that Dale M. Thompson's application for a Trustee's fee should be and is hereby allowed in the amount of $354,000.00, together with his expenses in the amount of $132,403.00. It is further

ORDERED (2) that Abraham E. Margolin's application for fees as the Trustee's attorney should be and the same is allowed in the amount of $450,000.00, together with his expenses in the amount of $3,408.81. It is further

ORDERED (3) that Paul E. Berman's application for fees as an attorney for the debtor should be and the same is hereby allowed in the amount of $26,955.00. It is further

ORDERED (4) that Elvin S. Douglas, Jr.'s application for fees as an attorney for the debtor should be and is hereby allowed in the amount of $12,500.00, together with his expenses of $1,051.30. It is further

ORDERED (5) that the objection of John Latshaw and the objection of Dorothy Wetherill should be and the same are hereby denied, except to the extent reflected by the orders above entered in regard to the applications for fees above stated.