**In re McGANN MFG. CO., Inc.**

No. 10358.

United States Court of Appeals Third Circuit.

Argued Jan. 16, 1951.

Decided March 13, 1951.

See also, D.C., 92 F.Supp. 595.

Edwin J. Feeney, Philadelphia, Pa., for Reconstruction Finance Corp.

Ralph F. Fisher, York, Pa., for appellees George T. Livingstone, and Ralph F. Fisher.

Thomas D. Caldwell, Harrisburg, Pa., for debtor.

Markowitz & Liverant and Judson E. Ruch, all of York, Pa., for a committee of creditors.

George Zolotar, New York City, for Securities and Exchange Commission.

Before GOODRICH, KALODNER and STALEY, Circuit Judges.

STALEY, Circuit Judge.

This is an appeal by the Reconstruction Finance Corporation, the mortgage creditor of the debtor in a corporate reorganization proceeding under Chapter X of the Bankruptcy Act. The order appealed from granted interim allowances to the trustee, the trustee's counsel, the debtor's counsel, and counsel for a committee of creditors.

The trustee was appointed on March 18, 1946, and several days later took possession of the property of the debtor, which consisted of a manufacturing plant located on an eleven-acre tract of land in York County, Pennsylvania. This plant was operated by the trustee until April 3, 1947, on which date a fire seriously damaged the plant. The operation by the trustee was thereupon halted and has not since been resumed. Since the date of the fire, the principal activities of the trustee have consisted of the following. Negotiations by the trustee and the R. F. C. with the fire insurance companies resulted in an adjustment of the fire loss which was approved by the district court. In 1948, the trustee leased the property to Bowen and McLaughlin, the present tenants, who have improved the plant considerably. In 1949 and 1950, settlements were reached with the United States government and the Commonwealth of Pennsylvania with respect to certain unpaid taxes. Apparently, the chief activity of the trustee since the fire has been the prosecution of an action under the Lucas Act, 41 U.S.C.A. § 106 note, to recover approximately $650,000 for losses claimed to have been suffered by the debtor corporation in the performance of contracts for the United States Maritime Commission and others during World War II. The district court is now considering an appeal by the trustee from a decision of the War Contracts Relief Board of the Navy denying relief. Any plan of reorganization must await the final disposition of that action. In all the above matters, the trustee had the assistance of his counsel; in some of the matters counsel for the debtor and counsel for the creditors' committee rendered assistance.

Early in 1950, the appellees petitioned the district court for interim allowances. These applications were referred to a referee and special master whose findings of fact and conclusions of law were adopted by the court below and whose recommendations as to interim allowances were ap-

proved.[1] The mortgage creditor has appealed from the order of the lower court approving these recommendations.

The outstanding principal balance on appellant's mortgage is now approximately $300,000, and exceeds the value of all the debtor's assets,[2] unless there should be a large recovery in the Lucas Act suit. The mortgage creditor objects to the order of the district court for the following reasons: (1) Where administration expenses have not been caused or consented to by the mortgagee, and where the expenses were not incurred for the protection or preservation of its security, payment out of such security is improper. (2) Appellant further contends that its mortgage security should not be impaired by assessment for administration expenses before a plan of reorganization is approved. (3) Appellant urges that, in any event, the district court abused its discretion in granting interim allowances at the present time.

■ We need consider only the latter objection. The district court has wide discretion in the granting of allowances in a Chapter X proceeding. Dickinson Industrial Site v. Cowan, 1940, 309 U.S. 382, 389, 60 S.Ct. 595, 84 L.Ed. 819; In re Standard Gas & Electric Co., 3 Cir., 1939, 106 F.2d 215. This discretion extends to interim allowances as well as final allowances. Whether interim allowances are justified must, of course, depend on the circumstances of each case. If the duties performed by the trustee and his counsel are not substantial, interim allowances are not warranted. Where, however, a trustee or his counsel, regularly devotes a portion of his time, either daily or weekly, to the administration of the estate interim allowances may very well be necessary. See In re Keystone Holding Co., 3 Cir., 1941, 117 F.2d 1003, 1006, 133 A.L.R. 1378. Cf. In re

Midland United Co., D.C.Del., 1946, 64 F. Supp. 399, 404, 407. This is especially true where the trustee operates a business; in such case, interim allowances may be essential as an assurance of efficient management. The allowances granted, however, should be well below any possible final allowances, for overly generous interim allowances might place an incentive on procrastination.

■ If the rule enunciated above is applied to the facts of the instant case, the conclusion is clear that the court below abused its discretion in granting interim allowances to the trustee and his counsel at this time. With the exception of the prosecution of the action under the Lucas Act, their activities since the time of the fire have been routine and ministerial in nature.

■ Interim allowances to counsel for the debtor or counsel for a creditors' committee should not be granted except in extraordinary circumstances. This rule is consistent with our reasoning in Keystone Realty Holding Co., supra. See also In re Inland Gas Corporation, D.C.Ky., 1947, 73 F.Supp. 785, 787. It is not contended in this record that these petitioners in recent years regularly devoted a portion of their time to matters involving this estate. Further, it should be emphasized that the rule governing the granting of allowances to the debtor's counsel and the committee's counsel differs from the rule applied to compensation for the trustee and his counsel. The proper measure of compensation for the former group is the benefit derived by the estate from their services. 11 U.S.C.A. § 643; In re Porto Rican American Tobacco Co., 2 Cir., 1941, 117 F.2d 599, 601. The net benefit accruing to the estate from the services rendered by these petitioners can hardly be evaluated at this time.[3] The rec-

1. The order provides that the allowances be paid out of funds received in settlement of a fire loss described more fully in this opinion. Also, see footnote 2, infra. The allowances granted by the court were as follows: trustee, $7,500; counsel for trustee, $5,000; counsel for debtor, $3,000; and counsel for committee, $1,000.

2. The referee and special master found that the debtor's assets consisted of the plant site, the market value of which was estimated at $250,000, and a fund of $35,827.74, representing the balance on hand from the adjustment of the fire loss.

3. See In re La France Industries, D.C., Pa., 1942, 42 F.Supp. 642, 646.

ord fails to reveal any unusual activity on the part of these petitioners that would warrant a departure from the usual rule.

The prospect of a successful reorganization of the debtor corporation is not a bright one. The special master found that no plan for reorganization could be filed until the litigation under the Lucas Act is concluded; the chances, however, for success in that action are conjectural. If the appeal there is unsuccessful, liquidation in bankruptcy may well follow. The costs and expenses incident thereto cannot now be estimated, nor can it be determined what funds will then be available. See In re Keystone Realty Holding Co., supra.

For these reasons, we conclude that no allowances should be granted at this time.

We do not now pass on the other questions raised on this appeal, nor do we hold that the sums allowed were excessive. The order of the district court will be reversed, but without prejudice to future applications for allowances.