In re SOLAR MFG. CORP.
(two cases).

Nos. 10382, 10387.

United States Court of Appeals
Third Circuit.

Argued May 23, 1951.
Decided June 28, 1951.

Rehearing Denied Aug. 20, 1951.

Morton Stavis, Newark, N. J., for appellant.

George Zolotar, New York City, for Securities & Exchange Commission.

James D. Carpenter, Jersey City, N. J., (Samuel M. Coombs, Jr., Jersey City, N. J., on the brief), for trustees of debtor and for counsel for trustees.

Before GOODRICH, STALEY and HASTIE, Circuit Judges.

GOODRICH, Circuit Judge.

These appeals raise objections to two orders entered by the District Court in proceedings involving reorganization of the Solar Manufacturing Company. One order appealed from is that of the district judge refusing to order the reduction of the number of trustees from two to one. The other appeal raises objections to the granting of interim allowances to the trustees and their counsel.

We start with the undisputed premise that the matters in question are for the discretion of the district judge.[1] Such discretion is particularly appropriate in this type of case which necessarily involves passing upon ever so many administrative matters in the course of a reorganization proceeding. No appellate court with the paper record before it, even though advised by the most eloquent of counsel, can have the feel of a case as the judge who has lived with it from week to week and month to month.

On December 28, 1950 the district judge made allowances to the two trustees of $8,000 each. These interim allowances covered a period from December 1, 1949 to November 24, 1950. Prior to that, in December, 1949, there had been an allowance of $25,000 ($12,500 to each). The district court also made an interim allowance to counsel of $15,000. Counsel had not received any allowance prior to this for he was appointed only on November 16, 1949.

If we were to exercise judgment in the first instance it is likely that we should have made the allowance to counsel and

---

1. See Dickinson Industrial Side v. Cowan, 1940, 309 U.S. 382, 389, 60 S.Ct. 595, 84 L.Ed. 819; In re McGann Mfg. Co., 3 Cir., 1951, 188 F.2d 110, 112.

not to the trustees. Counsel did a great deal of work during the year 1950 and he should not be compelled to wait too long before receiving some payment for it.

█ The trustees, on the other hand, ceased to run a business when the plant properties of Solar were sold. Their task became thereupon much simpler. It was to process claims, make payments of assets as ordered by the court and advise counsel concerning certain important litigation now instituted. There was a showing however that the trustees had regularly expended a very considerable amount of time during the period in question on the affairs of this debtor. No one denies that the trustees are capable. No one denies that progress in the winding up of Solar's affairs has been made, although the appellant thinks it is too slow. The continuous nature of the trustees' activity brings the case within the description we gave in In re McGann Mfg. Co., 3 Cir., 1951, 188 F.2d 110,[2] for circumstances justifying interim allowances, though there is no business being run by the trustees. Our conclusion is that we are not here entitled to substitute our discretion for that of the District Court and the allowances provided will stand.

However, in affirming the "interim" allowance we wish to guard against the impression that we have concluded that it is only a small payment on account. There are a good many hours of work asserted to have been done by the trustees. We do not know whether the work was good work and necessary work nor how much should be paid for it. This is an open question at this time. The SEC advises us that it is going to contest the value of the trustees' services when the case is up for final allowances. That question is open; we do not make any commitment upon it at this time.

█ With regard to the denial of the order to cut down the number of trustees to one, we find ourselves unable to concur with the trial judge, even bearing in mind that the matter is one for his discretion in the first instance. When the trustees took

over this company was in the manufacturing business. It had a force of several hundred employees; it operated as a going concern. The appointment of two trustees under the circumstances was plainly proper.

Since that time the physical assets have been sold. One phase of that sale was before this Court in In re Solar Mfg. Corp., 3 Cir., 1949, 176 F.2d 493. There is now no business to run. The future operations on behalf of this company consist in following up certain claims it asserts against third parties and litigating those claims if need be. The business, except for distribution of the assets on hand and those which may, from time to time, be recovered, is legal business. We have been advised that the number of helpers for the trustees has been reduced to one office man and a part-time secretary. We conclude, in view of the changed circumstances, that the reduction of the number of trustees to one is called for.

It is unfortunate that counsel for the Securities and Exchange Commission has seen fit to talk in general terms about what a conscientious judge would do in such a case as this, with an implied suggestion that what a conscientious judge would have done has not been done by the district judge who handled this case. We find not a syllable in the record to suggest any basis for such talk. We know the district judge to be learned, experienced and conscientious. He has done his judicial duty in deciding a case presented to him. We do ours in disagreeing with him when we must. Our action is impersonal, as his was. There is no excuse for going outside the record and suggesting failings in any judicial officer for which there is no foundation.

The order denying the motion to reduce the number of trustees to one will be reversed. The order granting interim allowances will be affirmed and the case will be remanded to the District Court for the District of New Jersey for further proceedings not inconsistent with this opinion.

2. We there said, at page 112, of 188 F.2d "Where, however, a trustee or his counsel, regularly devotes a portion of his time, either daily or weekly, to the administration of the estate interim allowances may very well be necessary."