457 F.2d 100
 In the Matter of TMT TRAILER FERRY, INC., Debtor.
PROTECTIVE COMMITTEE FOR INDEPENDENT STOCKHOLDERS OF TMT
TRAILER FERRY, INC., Appellant,
v.
Irving Mark WOLFF, P. A., Fee Claimant, and Thomas J.
Kirkland, Trustee, Appellees.
In the Matter of TMT TRAILER FERRY, INC., et al., Debtors.
PROTECTIVE COMMITTEE FOR INDEPENDENT STOCKHOLDERS OF TMT
TRAILER FERRY, INC., Appellant,
v.
Thomas J. KIRKLAND, Trustee, Appellee, Ray C. Muller, Appellee.
 Nos. 71-1277, 71-1951.
 United States Court of Appeals,
Fifth Circuit.
 Feb. 7, 1972.
Rehearing and Rehearing En Banc Denied March 13, 1972.
 
 Irwin L. Langbein, West Palm Beach, Fla., Irma S. Mason, Washington, D. C., for appellant.
 Irving M. Wolff, Muller & Mintz, Miami, Fla., Ray C. Muller, pro se, for appellees.
 Bernard Wexler, David Ferber, Solicitor, Paul Gonson, Asst. Gen. Counsel, James J. Sexton, Robert E. Ginsberg, Attys., for S.E.C.
 Before THORNBERRY, COLEMAN and AINSWORTH, Circuit Judges.
 PER CURIAM:
 
 
 1
 As this Chapter X reorganization in bankruptcy grinds slowly toward its fifteenth anniversary in June of this year, we consider again two of the several appeals on which we held joint oral argument.[1] These appeals involve interim allowances of attorneys' fees to counsel and special counsel for the Trustee. The present Trustee and his attorney assumed office in January 1969 and have been employed for three years. The reorganization court allowed Trustee's Attorney Irving M. Wolff $60,583 for services in the year 1969 and no appeal was taken from the District Court's order. By order dated November 3, 1970, in docket 71-1277, the District Judge awarded Trustee's Attorney Wolff $46,620, attorney's fees, for services in the first half of 1970, payment being made at the rate of $60 per hour. Thereafter, by order dated March 31, 1971, in docket 71-1951, the District Judge awarded Trustee's Attorney Wolff attorney's fees in the sum of $42,400 for services in the second half of 1970, also at the rate of $60 per hour. Another order was rendered on March 31, 1971, awarding Attorney Ray C. Muller the sum of $14,922 for attorney's services in labor matters at the rate of $60 per hour, plus $1,713.89 expenses.
 
 
 2
 The Protective Committee has appealed the orders of November 3, 1970 and March 31, 1971, awarding attorneys' fees. By these orders Trustee's Attorney Wolff has been awarded the total amount of $89,020 for services in the year 1970, at an hourly rate of $60, which, added to the payment received in 1969 of $60,583, totals $149,603, interim attorney's fees.
 
 
 3
 At oral argument the Court was informed by counsel for the Securities and Exchange Commission that Attorney Wolff had a petition pending in the District Court for an award of in excess of $90,000 for attorney's fees for the year 1971.[2] When the United States Supreme Court reversed this Court in May 1968 in Protective Committee v. Anderson, 390 U.S. 414, 88 S.Ct. 1157, 20 L.Ed.2d 1, it remanded the matter for further proceedings. The Supreme Court disapproved the plan of reorganization, giving in detail its reasons therefor, and stated a number of things which had to be done to complete the reorganization. It will soon be four years since the Supreme Court decision was handed down, but as the representatives of the Securities and Exchange Commission have pointed out to us, both in brief and in oral argument, very little has been accomplished toward the consummation of that result. It has been necessary that this panel, which now has the assignment of this case to its conclusion, hear oral argument on two special occasions to attempt to settle the intramural squabbling and fighting which has been going on between counsel. We cannot allow our resources to be expended in such a wasteful and unprofitable manner. In our prior opinion we pointed out "the absolute need of cooperation and harmony with the Protective Committee and its counsel to insure a proper determination and final wind-up of this reorganization." 434 F.2d at 807. It is apparent that to this point no attention has been paid to our salutary injunction.
 
 
 4
 Counsel for the SEC states in brief and oral argument that a substantial portion of the time of Trustee's Attorney Wolff has been engaged in fighting with opposing counsel and estimates that as much as one fourth to one third of the time involved of the hours for which fees have been awarded to Trustee's Attorney Wolff have been so involved.[3] We cannot further tolerate such a condition. Furthermore, the fees awarded are excessive when considered either on an interim or a final basis. It is our duty to see to it that excessive fees are not allowed or paid.
 
 
 5
 We are informed that the fees involved in the present appeals have been paid to Trustee's attorney despite the pendency hereof. That being true, Trustee's Attorney Wolff has received $149,603 as interim fee allowances for the years 1969 and 1970. Interim fees allowed for 1969 of $60,583 in the District Court were not appealed. Though we have serious misgivings about the propriety of the allowance of this very large award for 1969, we will not at this time interfere with the award, because of the action we are now taking to limit the amount of interim fees which the District Judge may allow to Trustee's attorney. Accordingly, we direct the District Court not to award any amount of interim fees now or in the future for Trustee's attorney in any one year which exceeds $30,000, final fees to await the conclusion of the reorganization. This yearly limitation shall apply as well to the year 1970 and the awards of fees for that year which are the subject of these appeals. We find that the total interim awards of $89,020 for 1970 were excessive and must be reduced. We, therefore, reduce the total awards for 1970 from the sum of $89,020 to a total of $30,000 and the judgments appealed from are reversed and modified to that extent. The District Judge shall immediately take all necessary steps to require a return to the bankruptcy estate from Trustee's Attorney Wolff of the excess fees paid for 1970 of $59,020, and is directed to enter forthwith all necessary orders or decrees to enforce the return of said funds.[4]
 
 
 6
 Attorney Muller seeks an interim award in an amount which we consider excessive. An interim allowance of $10,000 is adequate under the circumstances and the District Court award is reversed and modified and reduced to that amount, this attorney's final fees also to await the conclusion of the reorganization. Muller's expenses of $1,713.89 shall be paid in full.
 
 
 7
 Reversed, modified and remanded with directions.
 
 
 8
 ON PETITION FOR REHEARING AND PETITION FOR REHEARING EN BANC
 
 
 9
 The Petition for Rehearing is denied and no member of this panel nor Judge in regular active service on the Court having requested that the Court be polled on rehearing en banc (Rule 35 Federal Rules of Appellate Procedure; Local Fifth Circuit Rule 12) the Petition for Rehearing En Banc is denied.
 
 
 
 [1]
 For a detail of the numerous appeals from this bankruptcy proceeding, see Protective Committee v. Anderson, 390 U.S. 414, 88 S.Ct. 1157, 20 L.Ed.2d 1 (1968)
 
 
 [2]
 The Clerk of this Court, at our direction, confirmed that there is pending in the District Court, a petition of Trustee's Attorney Wolff for additional interim attorney's fees, for 1971, in the amount of $92,565
 
 
 [3]
 Both the District Court and Trustee's attorney misinterpret the role of the Securities and Exchange Commission in these proceedings. SEC is not an interloper herein. It has a statutory responsibility and apparently is discharging it. See 11 U.S.C. Secs. 572, 608
 
 
 [4]
 See Mass. Mutual Life Ins. Co. v. Brock, 5 Cir., 1968, 405 F.2d 429; In re Keystone Realty Holding Co., 3 Cir., 1941, 117 F.2d 1003, 1006; In re Imperial "400" National, Inc., 3 Cir., 1970, 432 F.2d 232, 235; In re McGann Mfg. Co., Inc., 3 Cir., 1951, 188 F.2d 110, 112