**In the Matter of MULTIPONICS, INC., Debtor.**

**MACHINERY RENTAL, INC., Appellant,**

v.

**William W. HERPEL, Trustee, et al., Appellees.**

No. 75–2518.

United States Court of Appeals, Fifth Circuit.

May 9, 1977.

George W. Pigman, New Orleans, La., Thad Grundy, Houston, Tex., for appellant.

Peter J. Butler, New Orleans, La., for Herpel.

Before BROWN, Chief Judge, AINS-WORTH, Circuit Judge, and JAMESON,* District Judge.

PER CURIAM:

In this Chapter X reorganization proceeding we are concerned with the appeal of a secured creditor who objects to the allowance of interim fees to the court-appointed trustee and attorney in the amounts of $144,077 and $242,840, respectively, a total of $386,917.

Appellant Machinery Rental, Inc., the secured creditor, contends that such fees should not be paid until the amounts and validity of all secured claims have been established; and that the fees allowed as interim fees are excessive.

At oral argument counsel for appellant contended that the interim fees were excessive for the 42-month period covered thereby. Appellant's counsel estimated that through January 1977 at an approximate equal rate of services claimed, an additional $254,000 of fees would be chargeable, for a total of $640,000 in trustee and attorney fees, to the date of oral argument of appeal. It is further contended that there is a gross estate of only $2,060,000 involved, of which all but $163,000 is subject to liens asserted by Machinery Rental, Inc.

■ Respondents-claimants contend that substantial services have been rendered, that the fees being charged are proper and that giving due consideration to the findings of the district court, the judgment should be affirmed. The rule is clear that an allowance for fees should be well below any possible final allowance. *In re McGann Mfg. Co.*, 3 Cir., 1951, 188 F.2d 110. *See also Lutheran Hospitals and Homes Society of America v. Duecy*, 9 Cir., 1970, 422 F.2d 200; 6A Collier on Bankruptcy § 13.16, p. 1009. *Cf. In re TMT Trailer Ferry, Inc.*, 5 Cir., 1972, 457 F.2d 100. Apparently the fees claimed for the period involved which were allowed by the district court fairly well covered full payment for the period involved even though the fees are termed

interim fees. Interim in this respect apparently refers to the fact that additional fees are to be forthcoming for the later period of time involved until ultimate conclusion of the reorganization proceeding.

■ Though it is clear that substantial services have been rendered for which compensation will be due, a more reasonable amount for interim fees, well below any possible final allowance for these services, is required under the circumstances.

However, it must be finally established as to whether the secured claims or part thereof are valid. The bankruptcy judge, acting as Special Master, has recommended to the district court the following:

Said judgment should recognize and allow the claim of Machinery Rental as a secured claim and entitled to payment from the proceeds of its security before all ordinary creditors including debenture holders, except such costs of administration as may be assessed by the Court in due course of these proceedings.

The Special Master's complete recommendation including the above is presently pending before the district court for a decision. It is not clear, however, from the bankruptcy judge's recommendation whether he intends the term "secured claim" to mean the amount realized from the sale of the secured machinery and also that realized from operation of the farm and sale of farm products. The district court will undoubtedly resolve this seeming ambiguity.

The extent to which the services of the respondents-claimants benefited Machinery Rental, the secured creditor herein, is another serious issue requiring initial determination. Respondents contend that appellant made no objection to the administration of the bankrupt's property and therefore it is chargeable with the expenses thereof, including the trustee and attorney fees. On the other hand, appellant contends that objection was made soon after the reorganization was filed and that appellant should be charged with only that portion of the fees which benefited its claim.

* Senior District Judge of the District of Montana, sitting by designation.

*See* 4A Collier on Bankruptcy § 70.99(6), pp. 1239–1240. To the same effect *see Tawney v. Clemson*, 4 Cir., 1936, 81 F.2d 300, cited by respondents to the effect that a secured creditor must pay for that portion of the services which are for his benefit.

*See also* 6A Collier on Bankruptcy § 10.-05, pp. 433–434, cited by appellant, and the pertinent provision thereof which reads as follows:

> Moreover, the lienholder can be charged with general costs of administration, where he has in some manner caused or benefited from such expenditure, or expressly or impliedly consented thereto. These principles, supported by the better authorities, present persuasive analogies, particularly where, as in Chapter X, the secured creditor is within the scope of and participates in the reorganization process, and where the aim of the Chapter X proceeding to preserve going-concern values redounds to the benefit of the secured creditors as well as to others.

Under the circumstances the judgment must be vacated and the cause remanded for further proceedings before the district court. The district judge should hold such additional evidentiary hearing as may be required under the circumstances and inquire into the reasonableness generally of the fees sought, and especially as to what would be a fair and reasonable interim allowance for fees. Due consideration should be given to the nature and amount of all the secured claims including that of Machinery Rental, Inc. and to the benefit which the secured creditor received as a result of the services of respondent trustee and attorney. The court's decision must conform to the principles set forth in our recent decision in the *Matter of First Colonial Corp. of America, Bankrupt, et al. v. Baddock et al.*, 5 Cir., 1977, 544 F.2d 1291.

VACATED AND REMANDED FOR FURTHER PROCEEDINGS.