**In re GENERAL COFFEE CORP.,** .
**Domino Investements, Ltd.,**
**Alberto Duque, Colombian**
**Coffee Co. Inc.,**
**Debtors.**

**Bankruptcy Nos. 83–00889–BKC–TCB, 83–00902–BKC–TCB, 83–00903–BKC–TCB and 83–00904–BKC–TCB.**

United States Bankruptcy Court, S.D. Florida.

March 8, 1984.

David Levine, Miami, Fla., for debtors.

Leonard H. Gilbert, John Olson, Tampa, Fla., for Creditors' Committee Colombian Coffee.

John R. Camp, Jr., Miami, Fla., for Creditors' Committee Alberto Duque.

Alan G. Greer, Miami, Fla., for ARAB Banking Corp.

George Walker Wright, Jr., Miami, Fla., for Bank of Credit and Commerce of Overseas International, Ltd.

James Whisenand, Miami, Fla., for Credit Lyonnais Panama.

R. Thomas Farrar, Miami, Fla., for Shawmut Boston Intern. Bank.

## ORDER ON INTERIM FEE APPLICATIONS

THOMAS C. BRITTON, Bankruptcy Judge.

In these four related chapter 11 cases, interim fee applications by the debtors' attorneys for $527,613 (C.P. Nos. 434–438) and the creditors' committee for Colombian Coffee for $51,124 (C.P. No. 437) were heard on January 19, 1984. They were opposed. (C.P. Nos. 525, 526, 527, 528.)

■ It has been argued that because the interests of the several debtors are, in some respects, in conflict, the debtors' counsel should be denied any compensation under § 328(c). That subsection permits but does not require denial of compensation in such circumstances. It is now apparent that a conflict exists as to some matters. However, no party has sought the removal of counsel or, until this hearing, voiced any concern. It would be completely unfair to disqualify counsel from all compensation on this account. I am satisfied that counsel has moved and will continue to move promptly to avoid any foreseeable conflicts of interest.

Interim awards are authorized by § 331. Their purpose is to relieve trustees and employed professionals from financing protracted bankruptcies which can last for years. These cases have now been pending six months and the debtors' attorneys were paid $275,000 before they started. In addition, they have been reimbursed for all expenses they have claimed. The creditors' committee has received nothing and seeks, in addition to a fee, costs of $6,618.

■ It is settled in this Circuit that interim awards should be "well below any possible final allowance." *In re Multiponics, Inc.*, 551 F.2d 1049, 1050 (5th Cir.1977); *In re TMT Trailer Ferry, Inc.*, 457 F.2d 100, 102 (5th Cir.) *cert. denied* 409 U.S. 849, 93 S.Ct. 57, 34 L.Ed.2d 91 (1972). These cases were decided under the former Act, but it is clear from the legislative history that the only intended effect of § 331 was to remove any doubt that interim compensation may be authorized. House Report No. 95–595, 95th Cong., 1st Sess. 330 (1977); Senate Report No. 95–989, 95th Cong. 2nd Sess. 41–2 (1978), U.S.Code Cong. & Admin. News 1978, p. 5787.

■ I consider it premature now to award either applicant any interim fee for services for four reasons.

(1) The creditors' committee has not yet had time to benefit the Colombian Coffee estate. The last D.I.P. report filed by this debtor showed $417 on hand. (C.P. No. 367). An allowance, even of expense, could neither be justified nor paid.

(2) The debtors' counsel have received 52 percent of their estimate of the value of their services to date. A substantial part of those services (four actions against N.Y. banks and ten actions against South American banks) has been completely unproductive to date. It is too soon to presume any ultimate benefit from these services. No plan has been presented for any debtor. I cannot now conclude that the sum already received is well below any final allowance.

(3) The current liquid assets of the four estates are modest: General Coffee—$228,-000 (C.P. No. 573a), Duque—$245,000 (C.P. No. 594p), Domino—$4,000 (C.P. No. 594h), and Colombian—$417 (as noted). General Coffee needs all the money it has and more as working capital. Duque needs all he has to engineer any rehabilitation. As between counsel and the debtors they serve, the needs of the debtors appear more critical at this moment.

(4) I hope and believe that these four cases can be resolved this year and, therefore, that the exposure of counsel will be relatively brief.

The applications are denied without prejudice.