**In re Franklin F. REGAN, Jr., Debtor.**

**Bankruptcy No. 190–14279–353.**

United States Bankruptcy Court,
E.D. New York.

Jan. 9, 1992.

Meltzer, Lippe, Goldstein & Wolf, P.C., Mineola, N.Y., for debtor.

Robert J. Musso, Brooklyn, N.Y., for Louis J. Coniglio.

## DECISION AND ORDER ON REQUESTS FOR INTERIM ALLOWANCES

JEROME FELLER, Bankruptcy Judge.

Before the Court are applications for interim allowances filed by the Debtor's attorney and accountant for services rendered during the Chapter 11 phases of a bankruptcy case which has been converted to Chapter 7.  The sole issue addressed here is whether professional persons duly employed by a Chapter 11 debtor in possession may, as a general rule, be awarded interim allowances in a superseding Chapter 7 case.  For the reasons set out below, we answer in the negative.

## I.

Franklin F. Regan, Jr. ("Debtor") filed a petition for reorganization under Chapter 11 of the Bankruptcy Code on October 4, 1990, and as such was deemed a debtor in possession. Over the Debtor's strong opposition, on September 3, 1991, the Court granted the motion of Louis J. Coniglio, a large creditor, seeking conversion of the case to Chapter 7. The conversion was formally implemented by order dated September 16, 1991 and a Chapter 7 trustee has been appointed.

The Debtor's counsel, Meltzer, Lippe, Goldstein & Wolf, P.C., requests an interim allowance of $36,928 for professional services rendered and reimbursement of expenses totaling $4,279.08. The period encompassed by counsel's application is October 4, 1990 through September 30, 1991. The Debtor's accountants, Rayfield & Licata, requests interim allowances aggregating $17,530 and reimbursement of expenses totaling $697. The period encompassed by the accountant's application is October 4, 1990 through July 15, 1991.[1] Mr. Coniglio has filed papers in opposition to the interim allowance application of Debtor's counsel. He first urges that the fee application is premature and should be deferred until completion of the trustee's administration of the Chapter 7 case. However, should the Court consider counsel's interim allowance application, Mr. Coniglio also interposes substantive objections to the fee request.

## II.

Comprehension of the interim allowance provision under the Bankruptcy Code, i.e., 11 U.S.C. § 331, requires an understanding of the origin and purpose of interim compensation under prior law.[2] The former Bankruptcy Act contained no provision whatsoever authorizing interim allowances for trustees, attorneys, accountants or other professionals retained in bankruptcy cases. Rather, the statute contemplated the allowance and payment of all professional compensation and reimbursement of expenses at the conclusion of the administration of a bankruptcy case. The rationale for this was grounded in common sense; for it is only at the conclusion of a bankruptcy case that a court could evaluate fee applications in light of the determinative criteria, which include the results achieved, the contribution of each party, the total amount available for distribution and the aggregate economic burden that allowances of compensation might impose upon a particular debtor and/or estate. As the Third Circuit observed, "[s]ound practice dictates that ordinarily all final allowances, including those to the trustee and his counsel, should await consummation of the proceeding." *In re Keystone Realty Holding Co.,* 117 F.2d 1003, 1006 (3rd Cir. 1941).

Although the former Bankruptcy Act contained no express provision therefor, interim allowances evolved as judicially created law. Bankruptcy courts, as courts of equity, awarded interim allowances on account to court approved officers prior to the outcome of the case, in order to alleviate economic hardship in protracted causes and thereby facilitate competent and efficient administration. In short, the concept of interim allowances was developed by the courts in an effort to assure competent and efficient administration. By design and purpose, the appellation "interim allowance" constituted a term of art, representing a payment on account of the ultimate

---

**1.** Significantly, the interim fee-application of counsel and the accountants fail to disclose that the Debtor's bankruptcy case has been converted to Chapter 7. Indeed, the applications are even erroneously captioned as having been filed in a Chapter 11 case that does not exist.

**2.** For authorities in support of the following propositions relating to the origin and purpose of interim allowances, see *In re Imperial "400" Nat'l Inc.,* 432 F.2d 232 (3rd Cir.1970); *In re McGann Mfg. Co.,* 188 F.2d 110 (3rd Cir.1951);

*In re Keystone Realty Holding Co.,* 117 F.2d 1003 (3rd Cir.1941); *In re Interstate Stores, Inc.,* 437 F.Supp. 14 (S.D.N.Y.1977); *In re Investors Funding Corp.,* 422 F.Supp. 461 (S.D.N.Y.1976); 2 *Collier on Bankruptcy* ¶ 331.01, at 331–1 to 331–5 (15th ed.1991); 6A *Collier on Bankruptcy* ¶ 13.-16, at 646–50 (14th ed.1977); Note, *Bankruptcy: Corporate Reorganization—Survey of Chapter X in Operation,* 18 N.Y.U. L.Q.Rev. 399, 474 (1941).

final allowance to be awarded at the end of a bankruptcy case, when the various elements making up the chemistry of reasonable compensation could be properly gauged. However, because interim allowances lacked an express statutory basis, the propriety of granting such awards was not free from doubt.[3]

### III.

■ Section 331 of the Bankruptcy Code, 11 U.S.C. § 331, explicitly authorizes the allowance of interim compensation and reimbursement of expenses. Apart from placing interim allowances on a statutory footing, no departures from prior law developed by the courts regarding interim allowances are indicated. The rule of statutory construction, to be applied in such situations, has been well articulated by the United States Supreme Court:

> The normal rule of statutory construction is that if Congress intends for legislation to change the interpretation of a judicially created concept, it makes that intent specific.... The Court has followed this rule with particular care in construing the scope of bankruptcy codifications.

*Midlantic Nat'l Bank v. New Jersey Dep't of Envtl. Protection*, 474 U.S. 494, 501, 106 S.Ct. 755, 759, 88 L.Ed.2d 859 (citations omitted), *reh'g denied*, 475 U.S. 1090, 106 S.Ct. 1482, 89 L.Ed.2d 736, *and reh'g denied*, 475 U.S. 1091, 106 S.Ct. 1482, 89 L.Ed.2d 736 (1986). In fact, the legislative history makes it abundantly clear that Section 331 was not enacted to expand the categories of persons eligible for interim compensation or otherwise alter the historical principles governing interim allowances. The House and Senate Committee Reports underlying the Bankruptcy Code both state, in identical language, as follows:

> The only effect of this section [§ 331] is to remove any doubt that *officers of the estate* may apply for, and the court may approve, compensation and reimbursement during the case, instead of being required to wait until the end of the case, which in some instances, may be years. The practice of interim compensation is followed in some courts today [under the Bankruptcy Act], but has been subject to some question. This section [§ 331] explicitly authorizes it.

H.R.Rep. No. 595, 95th Cong., 1st Sess., 42 (1977) (emphasis added); S.Rep. No. 989, 95th Cong., 2nd Sess., 330 (1978) (emphasis added), U.S.Code Cong. & Admin.News. 5787 (1978). The only intended effect of Section 331 was to remove any doubt that interim compensation may be authorized. Interim allowances under the Bankruptcy Code remains a payment on account of an ultimate final allowance, in order that the administration of a debtor's estate may be carried on. Final allowances under Section 330 of the Bankruptcy Code, 11 U.S.C. § 330, are ordinarily to be determined at the conclusion of the case, since only then is a thorough analysis of the various factors enumerated in Section 330 possible.

### IV.

■ As indicated, the Debtor's Chapter 11 case was converted to Chapter 7 in September 1991. Upon conversion to Chapter 7, the Debtor's status as a debtor in possession/trustee was terminated. The Debtor's attorneys and accountants are no longer officers of the estate and therefore bear no further responsibility for estate administration. They have been supplanted as officers of the estate in the superseding Chapter 7 case. A *de facto* trustee has been appointed who stands in the shoes of the erstwhile *de jure* trustee, otherwise known as a debtor in possession. It is the Chapter 7 trustee and the professionals he employs, with court approval under 11

---

**3.** *See, e.g., In re United Merchants & Mfrs., Inc.,* 597 F.2d 348, 349 (2d Cir.1979) (per curiam) ("It is well settled that the bankruptcy court lacks the power to grant, and the policy of the Bankruptcy Act is against, compensation not expressly provided for by the Act."); *see also In re Fox,* 725 F.2d 661 (11th Cir.1984); *Lane v. Haytian Corp. of Am.,* 117 F.2d 216, 218–19 (2d Cir.), *cert. denied,* 313 U.S. 580, 61 S.Ct. 1101, 85 L.Ed. 1537 (1941); *In re FAS Int'l, Inc.,* 382 F.Supp. 77, 81 (S.D.N.Y 1974), *aff'd per curiam,* 511 F.2d 1164 (2d Cir.), *cert. denied,* 423 U.S. 839, 96 S.Ct. 68, 46 L.Ed.2d 58 (1975).

219

U.S.C. § 327, who are now officers of the estate charged with its administration.

Having been relieved of their duties and responsibilities as court officers, Meltzer, Lippe, Goldstein & Wolf, P.C. and Rayfield & Licata may not be awarded interim allowances and reimbursement of expenses in the superseding Chapter 7 case of the Debtor. Accordingly, their interim allowance applications are denied, without prejudice; they must await the conclusion of the case to make their final allowance applications under Section 330 when, among other things, the identity of and the monies available to pay administrative claimants [4] will be known.

IT IS SO ORDERED.

See also 750 F.Supp. 168.

---

4. Interim allowances to Meltzer, Lippe, Goldstein & Wolf, P.C. and Rayfield & Licata may well be highly prejudicial to the just claims of other administrative claimants, particularly since the Chapter 11 administrative expenses are statutorily subordinated to all Chapter 7 administration expenses. 11 U.S.C. § 726(b).