In re HOLYWELL CORPORATION, Miami Center Ltd. Partnership, Miami Center Corporation, Chopin Associates, and Theodore B. Gould, Debtors.

Nos. 84–01590–BKC–SMW to 84–01594–BKC–SMW.

United States Bankruptcy Court, S.D. Florida.

April 13, 1992.

Herbert Stettin, Miami, Fla., for Fred Stanton Smith, c/o Keyes Co., liquidating trustee.

Vance E. Salter, Miami, Fla., Thomas Noone, New York City, for Bank of New York.

Theodore Gould, pro se.

Dennis Lyons, Washington, D.C.

Jose F. DeLeon, Washington, D.C.

Robert M. Musselman, Charlottesville, Va., for Chopin Associates.

Louis Cohen, Washington, D.C., for liquidating trustee.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW ON ORDER GRANTING APPLICATION OF WILMER, CUTLER & PICKERING FOR INTERIM ATTORNEYS' COMPENSATION

SIDNEY M. WEAVER, Chief Judge.

THIS CAUSE came before the Court upon a Request For Findings of Fact and Conclusions of Law Supporting Order Granting Application of Wilmer Cutler & Pickering For Interim Attorneys' Compensation filed by Theodore B. Gould, one of the debtors herein. By order dated December 26, 1991 this Court awarded Wilmer Cutler & Pickering the sum of $75,000.00 in

fees and $3000.00 in costs, as interim compensation. The order provides that any party in interest may, within 10 days of the entry of the order, request that the Court enter findings of fact and conclusions of law supporting the amount awarded by the Court. On January 13, 1992, sixteen days after the order had been docketed, this Court received Mr. Gould's request for findings of fact, along with a request that the Court excuse the untimeliness of his request inasmuch as the order awarding interim compensation to Wilmer Cutler & Pickering was not received by Mr. Gould until January 6, 1992. Although Mr. Gould has not complied with the requirement that a request for findings supporting the fee awarded be submitted within 10 days of the entry of the order, the Court will nonetheless enter these findings and conclusions in support of the order awarding interim fees and expenses to Wilmer Cutler & Pickering. Accordingly, the Court having heard the testimony, examined the evidence presented, observed the candor and demeanor of the witnesses, considered the arguments of counsel, and being otherwise fully advised in the premises, hereby finds and concludes as follows:

By order dated June 25, 1991 this Court authorized the employment of Louis Cohen, Esquire, of the law firm of Wilmer, Cutler & Pickering to act as special counsel to the liquidating trustee pursuant to the authority of 11 U.S.C. § 327. The employment was authorized in light of the appeals pending in the United States Supreme Court styled *United States v. Smith*, Nos.: 90–1361, 90–1484. Wilmer, Cutler & Pickering was employed for the purpose of representing the liquidating trustee in the challenge raised by the debtors and the solicitor general to the opinion of this Court, as affirmed by the district court, and the Eleventh Circuit Court of Appeals, declaring that the liquidating trustee is not responsible for the filing of tax returns or for the payment of taxes on the income generated by the property of the debtors. The controversy represented a dispute regarding a tax liability which the parties have estimated to exceed $30 million.

As is customarily done by this Court when authorizing the employment of counsel, the June 25, 1991 order recites that Louis Cohen, of Wilmer Cutler & Pickering, is the attorney authorized by the Court to represent the liquidating trustee. The Court routinely designates an attorney from the firm which is being employed as a professional in a case in order to insure that there is a responsible attorney whom the Court can rely upon. This designation was not meant to limit the professional resources that the Wilmer Cutler & Pickering law firm was to devote to the Supreme Court brief. At the time the Court appointed Mr. Cohen, however, the Court indicated very clearly that no duplication of effort would be allowed as between special counsel for the liquidating trustee, and counsel for the liquidating trustee, Mr. Herbert Stettin. Indeed, this Court is always conscious of the importance of maintaining professional fees at a reasonable level commensurate with the results obtained in the particular case.

Due to the complexity of the issues in the case, coupled with the added demands attendant to bringing a case before the United States Supreme Court, Mr. Stettin subsequently requested the Wilmer, Cutler & Pickering law firm to assume the lead responsibility for the preparation of the brief to be filed in the Supreme Court. As a result, other members of the Wilmer, Cutler & Pickering law firm were allowed to participate in preparing the case for argument before the Supreme Court.

On December 10, 1991, this Court entertained the Application of Wilmer, Cutler & Pickering For Interim Attorneys' Compensation For The Period June 25, 1991 Through September 16, 1991. At that time, the Court heard the objections of the debtors, through Mr. Gould, and of the United States through the Department of Justice. The transcript of the hearing evidences that Mr. Gould objected to the award of any professional fees to Wilmer Cutler & Pickering at that time inasmuch as the United States Supreme Court had not yet rendered its opinion in the case. Counsel for the Department of Justice also objected to the award of fees for services

rendered by any professionals other than Mr. Cohen, asserting that the June 25, 1991 order refers to the liquidating trustee's employment of Mr. Cohen exclusively. The Court considered the arguments and announced on the record that it would zealously review the application and make an award of interim fees.

■ In respect to the objection that Mr. Cohen was the only attorney authorized by this Court to act as special counsel for the liquidating trustee, the Court finds this contention to be self-serving. The other parties to this appeal each employed separate counsel in the Supreme Court case. To argue that the estate should have conserved the professional expenditures ignores the fact that the Department of Justice was represented by the Office of the Solicitor General and their brief was signed by six attorneys, that the debtors retained the law firm of Arnold & Porter and that their brief was signed by two partners, and that the Bank of New York, who raised no objection to the fee application, also employed a Washington law firm in addition to their counsel in Miami and New York. Given the fact that the opposition saw the need to attack the issue on appeal through the employment of professionals each well versed in the practice before the United States Supreme Court, the Court finds the contention that the liquidating trustee should have devoted fewer resources in preparing the Supreme Court brief to be without merit.

■ In determining the reasonableness of the professional fees in a case, the bankruptcy court is guided by the factors announced in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir.1974) and *In the Matter of First Colonial Corporation of America*, 544 F.2d 1291 (5th Cir.1977), which include: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or other circumstances; (8) the amount involved and the results

obtained; (9) the experience reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) the awards in similar cases. While the December 26, 1991 award of $75,000.00 in fees and $3,000.00 in expenses as interim compensation to Wilmer Cutler & Pickering was based on the Court's analysis of each of these factors, of particular significance to this Court's review of the Wilmer Cutler & Pickering fee application were the following: the time and labor required, the novelty and difficulty of the question presented, the skill requisite to perform the legal services properly, the customary fee, and the amount involved and the results obtained.

■ Firstly, this Court recognizes that the time and labor required to brief the case before the Supreme Court was substantial. The fee application reflects that Wilmer Cutler & Pickering expended 1085.10 hours for services rendered in researching, briefing and drafting the argument presented to the Supreme Court. Having reviewed the brief, the Court is satisfied not only with the quality of the work produced but also with the number of hours expended as well.

■ Secondly, the Court also finds that the issue presented before the United States Supreme Court was both novel and difficult. The case concerned questions of both tax and bankruptcy law. The issue involved was important to the liquidating trustee because it concerned a claim by the Internal Revenue Service that the parties have estimated to exceed $30 million. Indeed, special counsel for the liquidating trustee was faced with the task of responding to the government's assertion that the opinion of the Eleventh Circuit Court of Appeals created a "tax loophole of troubling proportion." In that regard, the issue was also important enough for thirty-two states, the District of Columbia and the City of New York to file amicus briefs, and novel enough for the Supreme Court to grant certiorari.

Thirdly, the Court is also cognizant of the legal skills required to prepare an argu-

ment before the United States Supreme Court. Mr. Cohen was appointed by the Court because it was felt that his established skill was necessary to properly represent the liquidating trustee. The other members of Wilmer, Cutler & Pickering contributed their expertise in tax matters and bankruptcy law. This finding is further supported by the fact that each of the other parties before the United States Supreme Court undertook the employment of special counsel each with prior experience before the Supreme Court.

■ The Court also finds that the fee charged by the Wilmer Cutler & Pickering law firm is reflective of the fee charged in cases of this magnitude. Mr. Cohen's hourly rate for this case was charged at $295.00. The blended hourly rate for partners who worked on the case was $276.66, the blended hourly rate for associates was $183.33, while the blended hourly rate for paraprofessionals was $81.25. The rates charged by Wilmer Cutler & Pickering were the lowest rates that the firm charges and were within the range of fees charged by similar firms for similar work. Indeed, the evidence introduced at the hearing on the fee application indicates that the professional fees charged by the Wilmer Cutler & Pickering law firm are among the lowest rates charged by the larger firms in the Washington, D.C. area.

The Court's consideration of the amount involved and the results obtained was the factor that influenced the Court to temper the fee awarded to the Wilmer Cutler & Pickering law firm. While the Court recognizes that the Wilmer Cutler & Pickering law firm undertook their representation of the liquidating trustee with the understanding that their fee was not contingent upon the decision of the United States Supreme Court, the Court is also mindful that the results obtained is a significant factor in determining the reasonableness of a fee in a bankruptcy case. *In re Gherman*, 105 B.R. 714 (Bankr.S.D.Fla.1989). At the time the Court considered the fee application of Wilmer Cutler & Pickering, however, the United States Supreme Court had not yet rendered its opinion in the case.[1] Therefore, it was difficult, if not impossible, for the Court to determine the results obtained by the Wilmer Cutler & Pickering law firm at that time.

■ The Court did have an opportunity to review the brief prepared by Wilmer Cutler & Pickering on behalf of the liquidating trustee. Based on its review of the time entries in the application, the review of the brief, and the testimony adduced at the hearing on the fee application, this Court concludes that a $75,000.00 fee award, less than one-third of the amount requested as interim compensation in the application, is a reasonable fee reflective of the value of the services rendered by Wilmer Cutler & Pickering on behalf of the liquidating trustee. "The rule is clear that an allowance for fees should be well below any possible final allowance." *In re Multiponics, Inc.*, 551 F.2d 1049, 1050 (5th Cir. 1977). In making this award the Court recognizes that the Wilmer Cutler & Pickering law firm has performed substantial services on behalf of the liquidating trustee with the aim of benefiting the creditors of this estate.

■ In regard to the cost, Wilmer Cutler & Pickering requested reimbursement for $5,309.99 for actual and necessary expenses incurred in their representation of the liquidating trustee. The Court reviewed the cost exhibit attached to the application and made certain adjustments including: reductions for the photocopy expenses from a rate of $0.20 per copy to $0.15 per copy, reduction for facsimile charges, as well as for travel related expenses. The Court determines that a reasonable award for reimbursement of actual and necessary expenses to be $3,000.00.

Based on the foregoing, the Court concludes that Wilmer Cutler & Pickering is entitled to interim compensation in the

---

1. On February 25, 1992, the United States Supreme Court issued its opinion in *Holywell Corporation v. Smith*, —— U.S. ——, 112 S.Ct. 1021, 117 L.Ed.2d 196 (1992), holding that the liquidating trustee was an assignee under 26 U.S.C. § 6012(b)(3) and was required to file tax returns and pay taxes on the income attributable to the property of the debtors.

amount of $75,000.00 for fees and $3,000.00 for costs.